UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------- x
                                   :
NETRATINGS, INC.,                  :
                                   :
              Plaintiff,           :   Civil Action No. 05-cv-314-GMS
                                   :
       v.                          :
                                   :
COREMETRICS, INC.,                 :   **JURY TRIAL DEMANDED**
                                   :
              Defendant.           :
                                   :
---------------------------------- x

**REPLY OF NETRATINGS, INC. TO
COUNTERCLAIMS OF COREMETRICS, INC.**

NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, demands a trial by jury of all Claims, Counterclaims and issues so triable, and as for its Reply to Counterclaims (the "Counterclaims") filed by Coremetrics, Inc. ("Coremetrics"), states as follows:

**THE PARTIES**

1. NetRatings denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Counterclaims.

2. NetRatings admits the allegations contained in Paragraph 56 of the Counterclaims.

## JURISDICTION AND VENUE

3. NetRatings denies the allegations contained in Paragraph 57 of the Counterclaims, except admits that the Counterclaims purport to state a claim for declaratory relief and that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

4. NetRatings denies the allegations contained in Paragraph 58 of the Counterclaims, except admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## GENERAL ALLEGATIONS

5. In response to the allegations contained in Paragraph 59 of the Counterclaims, NetRatings asserts that the Complaint filed by NetRatings against Coremetrics speaks for itself and NetRatings respectfully refers the Court to the Complaint for the true and complete content thereof, and otherwise NetRatings denies the allegations contained in Paragraph 59 of the Counterclaims.

6. In response to the allegations contained in Paragraph 60 of the Counterclaims, NetRatings asserts that the Complaint filed by NetRatings against Coremetrics speaks for itself and NetRatings respectfully refers the Court to the Complaint for the true and complete content thereof, and otherwise NetRatings denies the allegations contained in Paragraph 60 of the Counterclaims.

7. In response to the allegations contained in Paragraph 61 of the Counterclaims, NetRatings asserts that the Complaint filed by NetRatings against Coremetrics speaks for itself and NetRatings respectfully refers the Court to the Complaint for the true and complete content thereof, and otherwise NetRatings denies the allegations contained in Paragraph 61 of the Counterclaims.

WP3:1131469.1   64271.1001

## FIRST COUNTERCLAIM

### (Declaration of Patent Noninfringement)

8. In response to the allegations contained in Paragraph 62 of the Counterclaims, NetRatings repeats and realleges its responses to the allegations contained in Paragraphs 1 through 7 hereof as though fully set forth herein. In addition, to the extent Coremetrics has incorporated Paragraphs 1 through 54 of its Answer into Paragraph 62 of the Counterclaims, NetRatings also denies the allegations of those Paragraphs.

9. NetRatings denies the allegations contained in Paragraph 63 of the Counterclaims.

10. NetRatings denies the allegations contained in Paragraph 64 of the Counterclaims.

11. NetRatings denies the allegations contained in Paragraph 65 of the Counterclaims.

## SECOND COUNTERCLAIM

### (Declaration of Patent Invalidity)

12. In response to the allegations contained in Paragraph 66 of the Counterclaims, NetRatings repeats and realleges its responses to the allegations contained in Paragraphs 1 through 11 hereof as though fully set forth herein. In addition, to the extent Coremetrics has incorporated Paragraphs 1 through 54 of its Answer into Paragraph 66 of the Counterclaims, NetRatings also denies the allegations of those Paragraphs.

13. NetRatings denies the allegations contained in Paragraph 67 of the Counterclaims.

14. NetRatings denies the allegations contained in Paragraph 68 of the Counterclaims.

15. NetRatings denies the allegations contained in Paragraph 69 of the Counterclaims.

16. NetRatings denies the allegations contained in Paragraph 70 of the Counterclaims.

WP3:1131469.1                                                                                         64271.1001

## **PRAYER FOR RELIEF**

WHEREFORE, NetRatings prays for judgment against Coremetrics and awarding NetRatings the following relief:

A.	Dismissing Coremetrics' alleged claims contained in the Counterclaims with prejudice;

B.	Adjudging that Coremetrics has infringed, is infringing, has induced and is inducing others to infringe, and has contributed and is contributing to, the infringement of U.S. Patent Nos. the 5,675,510 (the "'510 Patent"); 6,108,637 (the "'637 Patent"); 6,115,680 (the "'680 Patent"); and 6,763,386 (the "'386 Patent");

C.	Permanently enjoining Coremetrics, its agents, servants, subsidiaries, affiliates, employees and those in active concert or participation with any of them, from further infringement, inducement of infringement or contributory infringement of the '510, '637, '680, and '386 Patents.

D.	Adjudging that the '510, '637, '680, and '386 Patents are valid;

E.	Awarding NetRatings damages adequate to fully compensate it for infringement by Coremetrics of the '510, '637, '680, and '386 Patents, in accordance with, *inter alia,* 35 U.S.C. § 284, and including pre-judgment and post-judgment interest;

F.	Adjudging that Coremetrics' infringement of the '510, '637, '680, and '386 Patents are and continue to be willful and deliberate and awarding NetRatings enhanced damages pursuant to 35 U.S.C. § 284;

G.	Trebling the compensatory damages due NetRatings;

H.	Adjudging that this is an exceptional case under 35 U.S.C. § 285 and awarding NetRatings its attorneys' fees, costs and expenses in this action; and

I.    Ordering such other and further relief as the Court deems just and equitable.

Dated: July 22, 2005

                                YOUNG CONAWAY STARGATT
                                    & TAYLOR, LLP

/s/ Karen E. Keller
Josy W. Ingersoll (#1088)
jingersoll@ycst.com
John W. Shaw (#3362)
jshaw@ycst.com
Karen E. Keller (# 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
(302) 571-6600

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP
Frederick L. Whitmer
Seth H. Ostrow
Steven S. Rubin
Tara N. Stein
900 Third Avenue
New York, New York 10022
(212) 895-2000

Attorneys for Plaintiff NetRatings, Inc.

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: July 22, 2005

        YOUNG CONAWAY STARGATT
        &amp; TAYLOR, LLP

        */s/ Karen E. Keller*
        Josy W. Ingersoll (#1088)
        jingersoll@ycst.com
        John W. Shaw (#3362)
        jshaw@ycst.com
        Karen E. Keller (# 4489)
        kkeller@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, DE  19899
        (302) 571-6600

        BROWN RAYSMAN MILLSTEIN
        FELDER & STEINER LLP
        Frederick L. Whitmer
        Seth H. Ostrow
        Steven S. Rubin
        Tara N. Stein
        900 Third Avenue
        New York, New York 10022
        (212) 895-2000

        Attorneys for Plaintiff NetRatings, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>Wilmington, DE  19801

I further certify that on July 22, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

>Robert T. Haslam, Esquire
>Heller & Ehrman LLP
>275 Middlefield Rd.
>Menlo Park, CA 94025

                YOUNG CONAWAY STARGATT
                              &TAYLOR, LLP

                */s/ Karen E. Keller*
                Josy W. Ingersoll (#1088)
                jingersoll@ycst.com
                John W. Shaw (#3362)
                jshaw@ycst.com
                Karen E. Keller (# 4489)
                kkeller@ycst.com
                The Brandywine Building
                1000 West Street, 17th Floor
                P.O. Box 391
                Wilmington, DE  19899
                (302) 571-6600

Of Counsel:

BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
Frederick L. Whitmer
Seth H. Ostrow
Steven S. Rubin
Tara N. Stein
900 Third Avenue
New York, New York 10022
(212) 895-2000