UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
:
NETRATINGS, INC.,
:
          Plaintiff,
:
    v.                         :    Civil Action No. 05-cv-314-GMS

COREMETRICS, INC.,
:
          Defendant.
:
:
------------------------------- x

## JOINT STATUS REPORT

In accordance with the Notice of Scheduling Conference dated September 2, 2005 (D.I. 9), counsel for NetRatings, Inc. ("NetRatings") and counsel for Coremetrics, Inc. ("Coremetrics") have conferred by telephone concerning the matters that the Court will take up during the status and scheduling conference that has been set for September 28, 2005 at 10:00 a.m. The parties, having considered each of the items set forth in the Notice, hereby submit this joint status report as directed by the Court. Attached is a chart summarizing the parties' proposed case schedule (Exhibit A).

    1.    Jurisdiction and Service.

The parties agree that the Court has jurisdiction over the subject matter and the parties involved in this action. Pleadings have been served on all entities that are presently parties to this action.

DB01:1488588.1

2.   Substance of the Action.

This is an action for patent infringement arising under the Patent Statute, 35 U.S.C. § 1 et seq., brought by NetRatings against Coremetrics as a result of Coremetrics' use and/or offers for sale of one or more of its products, including, but not limited to, sale of its products known as Coremetrics Online Analytics, Live Profile, LIVEview, Management Dashboard, SmartTags, Core Data Platform and ClickStream Reports. NetRatings alleges that Coremetrics has infringed United States Letters Patent Nos. 5,675,510; 6,108,637; 6,115,680; and 6,763,386 (collectively, the "patents in suit"). NetRatings alleges that, as a result of this infringement, it has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future. NetRatings alleges that this infringement is willful and that Coremetrics' intentional disregard of NetRatings' rights makes this an exceptional case under 35 U.S.C. § 285.

Coremetrics denies all allegations of infringement set forth in NetRatings' Complaint, as well as those that pertain to willful infringement, damages, irreparable harm, and exceptional case status. Coremetrics alleges that the relevant claims of the patents in suit are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and 112. Coremetrics also asserts affirmative defenses of failure to state a claim upon which relief can be granted, noninfringement, laches, equitable estoppel, and prosecution history estoppel. Finally, Coremetrics seeks declaratory judgment that Coremetrics does not – and did not in the past – directly infringe, contributorily infringe, or induce infringement of any claim of the patents in suit, either literally or under the Doctrine of Equivalents, and that each of

the patents in suit is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 and 112. Coremetrics seeks recovery of its attorneys' fees, disbursements, costs, pre-judgment interest and post-judgment interest, as permitted by 35 U.S.C. § 285 or otherwise.

3.   Identification of Issues.

The issues to be resolved in this litigation include, generally, whether or not the patents in suit are infringed, whether or not they are invalid, and whether or not they are unenforceable. Should the trier of fact find one or more claims of the patents in suit to be infringed, valid and enforceable, then additional issues to be resolved in this litigation will include whether or not NetRatings is entitled to any damages, any enhanced damages, and/or any injunctive relief. The Court must also determine if this is an exceptional case pursuant to 35 U.S.C. § 285 and whether attorneys' fees and costs should be awarded to the prevailing party.

4.   Narrowing of Issues.

The parties may file one or more motions for summary judgment that could reduce the number of issues to be decided at trial.

5.   Relief.

NetRatings is seeking a permanent injunction to enjoin Coremetrics from alleged prospective infringement, inducement of infringement, and contributory infringement of the patents in suit. NetRatings is also seeking an award of damages in favor of NetRatings and against Coremetrics sufficient to fully compensate NetRatings for Coremetrics' alleged infringement of the patents in suit and an assessment of prejudgment interest and post-judgment interest; a finding that Coremetrics' alleged infringement of the patents in suit is willful, an award of enhanced damages pursuant to

35 U.S.C. § 284; a finding that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action.

Coremetrics denies all of NetRatings' allegations relating to infringement, willful infringement, damages, irreparable harm, and exceptional case status. Coremetrics respectfully requests that NetRatings not be awarded any relief in connection with its Complaint, and that judgment on the Complaint be entered in favor of Coremetrics and against NetRatings. Coremetrics also respectfully asks that Coremetrics be declared not to have infringed or willfully infringed any of the patents in suit, and that each of the relevant claims from the patents in suit be declared to be invalid. Finally, Coremetrics respectfully requests that it be awarded its attorneys' fees, disbursements, costs, pre-judgment interest, and post-judgment interest – as permitted by 35 U.S.C. § 285 or otherwise – along with any other relief the Court deems to be just and proper

6.   Amendment of Pleadings.

The parties have agreed that, unless the Court orders otherwise, all motions to amend the pleadings shall be filed by January 31, 2006.

7.   Joinder of Parties.

The parties have agreed that, unless the Court orders otherwise, all motions to join other parties shall be filed by January 31, 2006.

8.   Discovery.

NetRatings believes that, absent later agreement between the parties or Order of this Court, the parties should abide by Rule 26.1 of the Delaware Local Rules. NetRatings further believes that either party should be free to seek leave of Court, for good cause shown, to amend the discovery provisions of Local Rule 26.1.

Coremetrics believes that discovery in this matter will proceed in a less costly, less time-consuming, and more efficient manner if reasonable limits are placed at the outset on certain forms of discovery. In particular, Coremetrics respectfully requests that, absent later agreement between the parties or Order of this Court, each side be limited to:

a. 100 requests for admission, with the understanding that this limit shall not apply to requests for admission as to authenticity of documents or business record status;

b. 35 interrogatories, including subparts; and

c. A total of 80 hours in which to take fact deposition testimony (whether of a party or of a non-party), with the understanding that each deposition shall be limited pursuant to Fed. R. Civ. P. 30(d)(2) to one day of no more than seven hours.

Coremetrics further believes that should the need arise later in the case to modify the above limits, the parties can and should work together to reach any reasonable accommodation that is available.

9. <u>Estimated Trial Length.</u>

The parties estimate that the trial should take ten (10) days.

10. <u>Jury Trial.</u>

The parties have demanded a trial by a jury.

11. <u>Settlement.</u>

The parties believe that settlement is always an option and are willing to discuss settlement with the supervision of the Magistrate Judge.

12. <u>Other Matters.</u>

The parties have agreed that a stipulated protective order is necessary due to the confidential technical and business information that will need to be exchanged in this action. The parties are currently considering and discussing the terms for such a protective order and plan ultimately to present a draft to the Court for its consideration.

Dated: New York, New York
September 21, 2005

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | ASHBY & GEDDES |

_____  
John W. Shaw (No. 3362)  
Karen E. Keller (No. 4489)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, DE 19899  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  

BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP  
Seth H. Ostrow (SO 9605)  
Jeffrey P. Weingart (JW 7145)  
Frederick L. Whitmer (FW 8888)  
Arianna Frankl (AF 7764)  
Steven S. Rubin (SR 4709)  
900 Third Avenue  
New York, New York 10022  
Telephone: (212) 895-2000  
Facsimile: (212) 895-2900  

Attorneys for NetRatings, Inc.

/s/ John G. Day  
_____  
John G. Day (No. 2403)  
222 Delaware Avenue, 17th Floor  
Wilmington, Delaware 19899  
Telephone: (302) 654-1888  
Facsimile: (302) 654-2067  

HELLER EHRMAN LLP  
Robert T. Haslam  
275 Middlefield Road  
Menlo Park, California 94025  
Telephone: (650) 324-7000  
Facsimile: (650) 324-0638  

Attorneys for Coremetrics, Inc.

620229

## NETRATINGS, INC. V. COREMETRICS, INC.
## 05 cv 314 (GMS)

### Case Schedule

| EVENT | DATE |
| --- | --- |
| Initial disclosures | September 14, 2005 |
| All motions to join other parties or amend pleadings filed on or before | January 31, 2006 |
| Meet and confer regarding joint claim construction chart | February 3, 2006 |
| Submit joint claim construction chart | March 3, 2006 |
| Opening *Markman* briefs exchanged by both parties | March 13, 2006 |
| Last day for Coremetrics to advise NetRatings that it intends to rely on the opinions of counsel | March 15, 2006 |
| Last day to produce opinions of counsel upon which Coremetrics may rely | March 15, 2006 |
| Rebuttal *Markman* briefs exchanged by both parties | April 12, 2006 |
| Proposed *Markman* hearing | April 28, 2006 |
| Fact discovery cutoff – all discovery must be served so as to be completed by this date | May 26, 2006 |
| Opening expert reports on issues for which a party bears the burden of proof | June 9, 2006 |
| Rebuttal expert reports | July 10, 2006 |
| Last day for expert depositions | July 28, 2006 |
| Opening letter briefs regarding summary judgment | August 11, 2006 |
| Answering letter briefs | August 25, 2006 |
| Reply letter briefs | September 1, 2006 |
| Submission of joint agenda regarding Daubert issues | September 8, 2006 |

| EVENT | DATE |
| --- | --- |
| Teleconference regarding Status/Daubert issues | September 13, 2006 |
| Last day to file summary judgment | September 22, 2006 |
| Last day to file oppositions to summary judgment | October 20, 2006 |
| Last day to file reply briefs regarding summary judgment | November 3, 2006 |
| Last day to exchange motions in limine | December 8, 2006 |
| Last day to exchange oppositions to motions in limine | December 22, 2006 |
| Joint proposed pretrial order | January 5, 2007 |
| Proposed pretrial conference | January 26, 2007 |
| Proposed trial date | February 20, 2007 |

615922