UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------ x
                               :
NETRATINGS, INC.,              :
                               :
              Plaintiff,       :
                               :   Civil Action No. 05-cv-314-GMS
       v.                      :
                               :
COREMETRICS, INC.,             :
                               :
              Defendant.       :
                               :
------------------------------ x

## [PROPOSED] SCHEDULING ORDER

This ____ day of October 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on September 28, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** The parties have made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on September 14, 2005.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before January 13, 2006.

3. **Reliance Upon Advice of Counsel.** Defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than March 3, 2006. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than March 3, 2006.

4.  *Markman* **Claim Construction Hearing.**

   a.  A *Markman* claim construction hearing for this action and the action captioned NetRatings, Inc. v. Omniture, Inc., Civ. No. 05-313-GMS will proceed jointly on June 15, 2006 beginning at 10:00 a.m. The *Markman* hearing will last one day and include a separate tutorial presentation and argument. Plaintiff is allotted one (1) hour for a tutorial presentation and Defendants are allotted one and a half (1 ½) hours collectively for a tutorial presentation.

   b.  The parties shall exchange proposed terms to be construed on February 6, 2006 and shall meet and confer regarding narrowing and reducing the number of claim construction issues thereafter. On March 3, 2006, the parties will exchange preliminary claim construction charts with proposed definitions and intrinsic record cites. On April 3, 2006, the parties shall submit to the Court a final joint claim construction chart which shall include construction and citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on April 14, 2006, and answering briefs on May 15, 2006.

5.  **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before May 26, 2006. Expert Discovery in this case shall be initiated so as to be completed on or before September 22, 2006.

   a.  **Discovery Disputes.** Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing

the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

       b.    **Expert Reports.** Opening expert reports on issues for which a party bears the burden of proof shall be served on opposing counsel on or before June 30, 2006. Responsive expert reports shall be served on opposing counsel on or before July 21, 2006. The last day for depositions of all experts shall be September 22, 2006.

Depositions of any experts who have filed a report on behalf of any party making or opposing a summary judgment motion on the issue to which that report relates will be completed between July 24, 2006 and August 16, 2006. Depositions of any experts who have filed a report on behalf of any party permitted to file a summary judgment motion on the issue to which that report relates will be completed between July 24, 2006 and August 9, 2006; priority in scheduling will be given to depositions of experts falling within this category.

Beginning on July 5, 2006, the parties agree to meet and confer in good faith concerning scheduling of expert depositions.

      6.    **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

8. **Summary Judgment Letter Briefs.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than June 2, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than June 9, 2006. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before June 16, 2006. The Court shall hold a telephonic status conference to hear argument and to determine whether the filing of any motion will be permitted on June 30, 2006 at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the date set forth in this paragraph 8.**

9. **Summary Judgment Motions.** Should the Court permit the filing of summary judgment motions, opening briefs and affidavits, if any, in support of the motions shall be served and filed on or before July 28, 2006, or two (2) weeks from the Court's ruling on claim construction issues whichever is later, answering briefs and affidavits shall be served and filed on or before August 11, 2006 or ten (10) business days from the filing of the opening briefs, whichever is later, and reply briefs and affidavits shall be served and filed on or before August 18, 2006 or five (5) business days from the filing of answering briefs, whichever is later. Parties must submit an original and two (2) copies.

10. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

12. **Motions in Limine.** No party shall file more than ten (10) motions *in limine*. Briefs (opening and answering) on all motions *in limine* shall not exceed five (5) pages. Opening *in limine* briefs shall be due on or before October 30, 2006 and Answering *in limine* briefs shall be due on or before November 13, 2006.

13. **Pretrial Conference.** On December 28, 2006 the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order by or before the close of business on November 27, 2006.

14. **Trial.** This matter is scheduled for a trial beginning at 10:00 a.m. on January 22, 2007 beginning at 9:00 a.m.

15. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
Honorable Gregory M. Sleet
United States District Judge

610952