## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NETRATINGS, INC.,

                              Plaintiff,

        v.

COREMETRICS, INC.,

                              Defendant.

**Civil Action No. 05-314 GMS**

**JURY TRIAL DEMANDED**

## STIPULATED [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff NetRatings, Inc. ("NetRatings") has filed a complaint against Defendant Coremetrics, Inc. ("Coremetrics") (both NetRatings and Coremetrics individually, a "Party", and collectively, the "Parties") in the above-captioned action (the "Action") and Coremetrics has filed a counterclaim against NetRatings in the Action;

WHEREAS, the conduct of the Action may involve the disclosure of trade secret or other confidential technical, business and financial information;

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, and that either Party may challenge any designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, Local Rule 26.2 of the United States District Court for the District of Delaware, and this Court's Pre-Trial Scheduling Order for Patent Cases, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

## APPLICABILITY OF PROTECTIVE ORDER

1.    All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order. The terms of this Protective Order shall also apply to all manner and means of disclosure of information in discovery, whether formal or informal, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents and tangible things.

2.    Confidential, Highly Confidential and Restricted Source Code Media Documents or other information protected by this Protective Order shall be used only for the purposes of this litigation and not for any other purpose, including but not limited to business, legal, patent prosecution, competitive or governmental purpose or function. Notwithstanding the foregoing, nothing in this paragraph or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

## DEFINITIONS

3.    "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces Documents or other information in connection with the conduct of the Action.

4.    "Document" shall include without limitation any records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to

interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing.

5.    "Confidential" information is defined herein as information that a Disclosing Party in good faith believes is information not publicly known that would be valuable to the Disclosing Party's actual and potential competitors and that the Disclosing Party would not otherwise reveal to third parties without an agreement to maintain it in confidence.

6.    "Highly Confidential" information is defined herein as such Confidential information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such Confidential information were to be disclosed.

7.    Confidential or Highly Confidential information may include, but is not limited to, the following:

a.    Financial and sales information;

b.    Marketing plans;

c.    Product development and design information (for new, old, suspended and abandoned projects);

d.    Current and future business plans, including unpublished financial data and pricing information

e.    New business development (for old and new products);

f.    Distributor agreements and licenses;

g.    Customer identity and "contact persons" at a customer;

h.    Aggregate customer information and/or customer profile information, including but not limited to behavioral data and web analytics;

i.    Proprietary engineering information (not generally available to the public) whether or not actually developed by the Disclosing Party;

j.    Information that the Disclosing Party believes, in good faith, constitutes technical trade secret information or other confidential technical or

business product information for which it is under a duty to maintain in confidence, including, but not limited to, manufacturing information, non-public executable code, specifications, product design and feature information;

k. Unpublished patent applications; and

l. Source Code, subject to the additional requirements set forth below for "RESTRICTED SOURCE CODE MEDIA."

8. "Qualified Person" as used herein means:

a. Trial Counsel;

b. Any person retained by a Party or its Trial Counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party, or inventor named on a patent-in-suit) who agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto (such signed agreement shall be preserved by the retaining Party or Trial Counsel);

c. Any court reporter or videographer who transcribes or records testimony in this Action at a deposition and who agrees that all designated confidential testimony is and shall remain confidential and shall not be disclosed except as provided in this Order;

d. The Court and the Court's personnel;

e. Outside vendors who perform copying, document preparation, or creation of trial graphics or tutorials on behalf of any Party; and

f. Members of focus groups and mock jurors, provided they sign an undertaking with same protections as the Confidentiality Agreement attached hereto as Exhibit A with the caption redacted to remove reference to the Parties, and further provided that no mock jurors or focus group participants be permitted to keep any discovery materials in this matter.

DB01:1890306.1

g.     Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties or by Order of this Court, after notice to all Parties;

h.     Seth Weissman of Coremetrics; and

i.     Alan Shapiro of NetRatings.

9.     "Receiving Party" is defined herein as any Party or non-party who receives Documents or other information produced by a Party or non-party in connection with the conduct of the Action.

10.     "Source Code" is defined herein as code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and electronic or non-electronic design documents that reveal the internal structure of a program.

11.     "Trial Counsel" as used herein, means only:

a.     the attorneys and employees of Brown Raysman Millstein Felder & Steiner LLP and Young Conaway Stargatt & Taylor, LLP responsible for this litigation for NetRatings; and

b.     the attorneys and employees of Heller Ehrman LLP and Ashby & Geddes responsible for this litigation for Coremetrics.

## DESIGNATION OF MATERIALS

### "Confidential" Information

12.     A Disclosing Party may designate Confidential information, as defined herein. In designating Confidential information, the Disclosing Party will make such designation only as to that information that it has treated as, and in good faith believes contains, Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7). No item shall be deemed Confidential if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a

Party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order.

13.    Documents and things produced that contain Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

**"CONFIDENTIAL"**

14.    Access to information designated as Confidential shall be limited to Qualified Persons (as defined in paragraph 8 above).    A Receiving Party shall treat information as "Confidential" under this Protective Order, as soon as a Disclosing Party so designates the information.

**"Highly Confidential" Information**

15.    A Disclosing Party may designate Highly Confidential information, as defined herein.    In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has treated as, and in good faith believes contains, Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7).    Documents, testimony, information and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (g) of Paragraph 8 of this Protective Order.    A Receiving Party shall treat information as Highly Confidential under this Protective Order, as soon as a Disclosing Party so designates the information.

16.    Documents and things produced that contain Highly Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

**"HIGHLY CONFIDENTIAL – TRIAL COUNSEL ONLY"**

**"Restricted Source Code Media"**

17.    A Disclosing Party may specially designate Source Code (whether in electronic or hardcopy form) as Highly Confidential: Restricted Source Code Media (hereinafter "Restricted Source Code Media").  In designating Restricted Source Code Media, the Disclosing Party will make such designation only as to that information that it has treated as, and in good faith believes contains, Restricted Source Code Media, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7).  Restricted Source Code Media shall be subject to all of the provisions of this Protective Order regarding Highly Confidential information and shall also be subject to the following additional restrictions on copying and use.  A Receiving Party shall treat information designated as Highly Confidential: Restricted Source Code Media under this Protective Order, as soon as a Disclosing Party so designates the information.

18.    If produced, Source Code shall be provided in its native, electronic format to the extent that it exists in an electronic format.  A Disclosing Party need not produce more than two (2) copies of the Source Code for a particular product.  Trial Counsel for the Receiving Party may not relinquish or transfer possession or control of any particular copy of a Disclosing Party's Restricted Source Code Media except to an expert or consultant who has been retained by such counsel for the requesting party to assist in the prosecution, defense or settlement of this Action, and only if all of the conditions in paragraphs 23 and 24 are met.

19.    All tangible media (e.g., CD Roms, disks, but not including computer hard drives) with Restricted Source Code Media must be kept by the Receiving Party's Trial Counsel, or the Receiving Party's retained expert or consultant, in a secure, locked cabinet when the Restricted Source Code Media is not in use.

20.    Restricted Source Code Media may not be copied by any person acting on behalf of a Receiving Party except as follows:

a.    Complete Copies

(i)    Restricted Source Code Media may be copied into the hard drive memory and/or into the RAM of a secure, fire-walled computer for the purposes of conducting analyses of the Restricted Source Code Media. Restricted Source Code Media is to be kept secure throughout the Action by means of being stored in encrypted form on a stand-alone, desktop computer where it resides, with such encryption protocol (employing at least 128 bit encryption) designed to limit access to said Restricted Source Code Media to those persons designated under this Protective Order as having access to said Restricted Source Code Media;

(ii)    any computer into which the Restricted Source Code Media of a Disclosing Party is copied by a person authorized to receive Restricted Source Code Media under this Protective Order must, prior to or contemporaneously with such copying, be equipped with a password protection/lockout/screen saver function having a "timeout" period of no longer than ten (10) minutes. Such protection/lockout/screen saver function shall remain enabled continuously during any period that such computer is in use while the Restricted Source Code Media remains on such computer; provided, however, notwithstanding the foregoing, if each Party's Trial Counsel agrees in writing beforehand, an alternative security mechanism may be substituted for such password protection/lockout/screen saver function on any particular computer;

(iii)    absent written agreement by the Disclosing Party, a particular copy of the Disclosing Party's Restricted Source Code Media, may reside in the hard drive memory or RAM of only two computers at any given time;

b.    Excerpts:  Certain portions of the Restricted Source Code Media of a Disclosing Party may be copied onto paper or secure electronic media ("Restricted Source Code Media Excerpts") by Trial Counsel or a retained independent consultant or expert in this action if, and only if, all of the following conditions are met:

(i)    Trial Counsel for a Receiving Party and a retained independent consultant or expert of the Receiving Party may each make one (1) electronic backup copy of the

Restricted Source Code Media Excerpts as needed to preserve analyses and/or prepare an expert report;

(ii)     Trial Counsel for a Receiving Party may make that number of copies of the Restricted Source Code Media Excerpts as is required to fulfill filing and service requirements of a document required to be filed with the Court or served on another Party;

(iii)     the total amount of Restricted Source Code Media Excerpts may not exceed the amount necessary to perform the analyses or prepare the expert report;

(iv)     a Disclosing Party's Restricted Source Code Media Excerpts shall only be copied as provided herein, and, once having been made, all such copies of a Disclosing Party's Restricted Source Code Media Excerpts shall be marked as Highly Confidential – Restricted Source Code Media in the name of the Disclosing Party and shall be filed, if at all, under seal;

21.     A Disclosing Party's Restricted Source Code Media and Restricted Source Code Media Excerpts may not be disclosed to anyone other than Trial Counsel, the Court, retained independent consultants or experts satisfying all of the requirements of Paragraphs 23 and 24, *infra*, and court reporters and videographers employed in this action who are neither a Party to this action nor an officer, director, or employee of a Party to this action, unless authorized by a prior order of the Court or the prior written approval the Disclosing Party (individually, each a "Person Authorized To View Restricted Source Code Media"). Nothing herein shall preclude, however, Trial Counsel from appropriately using Restricted Source Code Media or Restricted Source Code Media Excerpts at the deposition of an officer or employee of the Disclosing Party.

22.     A Disclosing Party's Restricted Source Code Media and Restricted Source Code Media Excerpts may only be transported within the direct control of a Person Authorized To View Restricted Source Code Media, except for shipments on encrypted physical electronic media (*e.g.*, CD-ROM, magnetic tape or diskette) or paper via Federal Express or other similar courier service directly from one Person Authorized To View Restricted Source Code Media to

another Person Authorized To View Restricted Source Code Media. Under no circumstances may Restricted Source Code Media be transmitted electronically.

## RETAINED INDEPENDENT CONSULTANTS AND EXPERTS

23.     In the event that either Party retains independent consultants or experts to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential, Highly Confidential or Restricted Source Code Media, then such disclosure shall be permitted only under the following conditions:

a.     Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A attached hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof.

b.     Ten calendar days prior to disclosure of such Confidential, Highly Confidential or Restricted Source Code Media, a copy of signed Exhibit A and a copy of the independent consultant or expert's curriculum vitae shall be delivered by hand, facsimile or overnight courier to Trial Counsel for the Disclosing Party along with a statement that the Exhibit and curriculum vitae are being served in accordance with this paragraph 23 of the Protective Order.

c.     In the event that the Disclosing Party objects to disclosure of its Confidential, Highly Confidential or Restricted Source Code Media information to the independent consultant or expert, the Disclosing Party shall deliver by hand, facsimile or overnight courier a notice of objection to the opposing Party within ten calendar days from service of the materials required to be served under subparagraph (b) of this paragraph 23. In such event, disclosure of the information shall not be made until the

Parties agree in writing that such disclosure may be made or the Court issues an order or ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within ten calendar days from service of the materials required to be served under subparagraph (b) of this paragraph 23 shall operate as a waiver of the objection, unless a new ground for objection arises after such time.

d.  Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute. The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

24.  No independent consultant or expert retained by a Party shall be permitted access to Highly Confidential documents or information constituting (i) product design and development information, (ii) proprietary engineering information, (iii) information that the Disclosing Party believes, in good faith, constitutes technical trade secret information or other confidential technical product information for which it is under a duty to maintain in confidence or (iv) unpublished patent applications, or to Restricted Source Code Media unless the following additional conditions are satisfied:

a.  such expert may not be, and no member of such expert's clerical staff, if any, may be;

(i)  a Party or a current or former officer, director, or employee of a Party; or

(ii)  an officer, director or employee of a competitor of a Party ; and

b.  such expert must agree not to accept employment with a Party for a period of six months after the conclusion of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in said expert's

capacity as an expert consultant or expert witness in litigation on behalf of the same Party for which said expert has been retained in this Action, provided that any expert accepting such employment must not use, disclose, or otherwise access any information beyond the extent permitted and authorized by this Protective Order.

## EXAMINATION OF EMPLOYEES, FORMER EMPLOYEES AND THIRD PARTIES:

25.    In addition to those persons who may receive Confidential, Highly Confidential or Restricted Source Code Media material identified above, the following persons may be examined and give testimony as follows:

    a.    a present employee or representative of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential, Highly Confidential or Restricted Source Code Media by his employer;

    b.    a former employee, associate, representative or consultant of a Disclosing Party may be examined and may testify concerning all Documents and information designated as Confidential or Highly Confidential by that Party only if the former employee, associate, representative or consultant had access to the Confidential or Highly Confidential material during the period or periods of his employment or association with that Disclosing Party;

    c.    non-parties may be examined and may testify concerning all documents or information designated as Confidential or Highly Confidential which appears on its face to have been received by or communicated to the non-party;

d.    witnesses may be examined and may testify concerning all documents or information designated as Confidential or Highly Confidential if, by virtue of other testimony or circumstances, the witness previously had lawful access to this information; and

e.    Any individual in circumstances not falling into the above categories may be examined and may testify concerning all documents or information designated as Confidential, Highly Confidential or Restricted Source Code Media upon approval in writing or on the record by Trial Counsel for the Disclosing Party or order of the Court.

## DEPOSITION TRANSCRIPTS AND EXHIBITS

26.    Except for use during court proceedings, all information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Highly Confidential at the time of the taking of the deposition and for a period of twenty (20) court days after the transcript of said deposition is received by the Disclosing Party. Information disclosed at the deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within twenty (20) court days of receipt of the transcript of the specific pages and lines of the transcript that contain information to be designated under this Protective Order. The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript and provide a copy of same to every other Party, or shall request that the court reporter taking such testimony do so. Thereafter, each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control.

27.    An exhibit to a deposition shall be treated in accordance with the confidentiality designation already given to it. If an exhibit has not been previously designated, it shall be

treated in accordance with any designation given to it on the record at the time of the deposition, or if no such designation is made, shall be treated as being designated as Highly Confidential for a period of twenty (20) court days after the original or a copy of the original transcript of said deposition is received by the Disclosing Party. The designation of testimony given as Confidential, Highly Confidential or Restricted Source Code Media, or the de-designation of such testimony given, shall not affect the confidentiality status of exhibits presented or used in connection with such testimony. Notwithstanding the foregoing, nothing prevents a Party or the deponent either on the record at the deposition or at any later date from changing the confidentiality designation of a previously designated exhibit in accordance with the terms of this Order.

## COURT FILINGS

28.    In the event that a Receiving Party wishes to use any Confidential, Highly Confidential or Restricted Source Code Media produced by a Disclosing Party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Party must attempt to obtain leave from the Court to file such information under seal. Any Party may file with the Court additional reasons as to why the documents should be filed under seal. Any document, thing or information that has been designated as Confidential, Highly Confidential or Restricted Source Code Media and that is included with, or the contents of which are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed in sealed envelopes prominently marked with the notation:

**CONFIDENTIAL INFORMATION**
**(or HIGHLY CONFIDENTIAL or RESTRICTED SOURCE CODE MEDIA)**

**FILED UNDER SEAL**

**SUBJECT TO PROTECTIVE ORDER IN CASE NO. 05-314 GMS**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS**
**DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT**

PERSONNEL AUTHORIZED UNDER THIS ORDER TO DO SO OR BY
WRITTEN AGREEMENT OF THE PARTIES.

## MATERIALS COVERED BY CONFIDENTIALITY AGREEMENT
## WITH A THIRD PARTY

29.     Where a document request calls for otherwise discoverable information that is
held under obligations of confidentiality owed to a third-party and the Disclosing Party objects
on this ground, the Disclosing Party may withhold production for a period of 20 court days after
it has discovered that the discoverable information is held under obligations of confidentiality
owed to a third-party.  The Disclosing Party shall thereafter disclose in compliance with this
Protective Order such discoverable information unless said third party or the Disclosing Party
moves for or obtains a protective order in this Court within that time.

## USE OF INFORMATION DESIGNATED UNDER THIS
## PROTECTIVE ORDER AT HEARING OR TRIAL

30.     Trial Counsel shall refrain from referring in open court to any information
designated Confidential, Highly Confidential or Restricted Source Code Media except under
conditions and safeguards that the Court employs to protect against disclosure of such
Confidential information.  Such information may be referred to or offered in evidence at trial
only after first providing notice reasonable under the circumstances to the Court and to the
Disclosing Party of the intended disclosure.  The Court, either through its own initiative or upon
motion of the Disclosing Party, may subject such information to further protections, including,
but not limited to, *in camera* proceedings in chambers or conducting proceedings closed to the
general public.  Nothing herein shall operate as a waiver or relinquishment of a designation
under this Protective Order, should such materials be disclosed at a Court hearing or other
proceeding where the general public is not so excluded.

## INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

31.     A Disclosing Party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated.  As soon as notice of a designation is so provided by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated documents consistent with the designation given by the Disclosing Party.  Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the Disclosing Party shall return to Trial Counsel for the Disclosing Party or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the misdesignated documents.  The Receiving Party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice, so long as any such disclosure was consistent with the document's then-current designation (or non-designation).

32.     In the event that information designated pursuant to this Protective Order is disclosed to any person not authorized by this Protective Order to receive the information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all Parties, and without prejudice to other rights and remedies of the Disclosing Party, shall make every reasonable effort to prevent further disclosure by it or by any other person who was the recipient of such information.  The identification under this section of a Party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

33.     The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials,

or the subject matter thereof.   Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice.   Until such materials are returned, such materials and the information contained therein shall be treated as Highly Confidential.   Except as provided by this paragraph, nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

34.     The Parties acknowledge that it may be impractical to contemporaneously assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by a Party or producing entity in the course of this Action. Therefore, if a Party wishes to challenge the designation of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate.   The Disclosing Party shall, within five (5) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.   If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes.   The Disclosing Party shall have the burden of proving the propriety of the designation.   The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

35.     A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**RETURN AND/OR DESTRUCTION OF**
**MATERIALS UPON CONCLUSION OF THE ACTION**

36.     Confidential and Highly Confidential materials: Within ninety calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Confidential and Highly Confidential information shall be destroyed, by cross-cut shredding, except that Trial Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to Confidential and Highly Confidential information.

37.     Restricted Source Code Media materials: Within ninety days of the conclusion of this litigation, the Restricted Source Code Media materials must be returned to the Disclosing Party, and each Trial Counsel, retained independent consultant or expert who had access to the Restricted Source Code Media materials must sign a declaration that shall be sent to the Disclosing Party certifying that:

a.     to the best of that person's knowledge, all Restricted Source Code Media materials have been returned to the Disclosing Party; and

b.     every copy, whether whole or partial, of the Restricted Source Code Media materials that exists in electronic, magnetic or other machine-readable form has been permanently deleted such that the deleted files could not be recovered absent extraordinary efforts, if at all (for example, through the use of a disk utility program such as Norton Utilities or its equivalent, to rewrite the free disk space).

Notwithstanding the provisions of subparagraphs (a) and (b) herein, Trial Counsel may retain for archive purposes one (1) electronic and one (1) paper copy of all pleadings, including expert reports, exchanged by the parties or filed with the Court that contain Restricted Source Code Media materials.

38.     Insofar as the provisions of this Protective Order restrict the communication and use of the documents produced hereunder, this Order shall continue to be binding after the

conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal) and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

## PATENT PROSECUTION

39.    Any individual attorney or agent who actually receives or reviews any Highly Confidential or Restricted Source Code Media documents or information under this Protective Order shall not prosecute, supervise, assist in the prosecution of or advise regarding patent prosecution strategy for (i) any applications, continuations, continuations-in-part, divisionals, reissues, renewals, substitutes, foreign applications or convention applications of the asserted patents and any applications claiming priority to such applications or the asserted patents; or (ii) any application or potential application having claims materially related to the subject matter of the Highly Confidential or Restricted Source Code Media documents or information actually received or reviewed.  The restrictions provided in this paragraph 39 shall be applicable during the pendency of the Action and for one year after the Action is terminated (either through settlement or judgment including any appeals).  The Receiving Party shall maintain an accurate log of all attorneys and agents who actually receive or review any Highly Confidential or Restricted Source Code Media materials.  In the event of a dispute regarding this provision of the Protective Order, the Receiving Party must, upon the request of the Disclosing Party, submit this log in camera for the Court's inspection.

## MISCELLANEOUS

40.    This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

41.    Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

42.    Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

43.    This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

44.    Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to the Action, and in the course thereof, relying upon any information under this Protective Order, provided that counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

45.    Nothing in this Order shall bar amendment of this Order by stipulation of the Parties or by Order of the Court. Any such amendment made by stipulation of the Parties shall be made in writing.

46.    If a third party, another court or an administrative agency subpoenas or orders production by a Receiving Party of documents or information designated for protection under this Protective Order, the Receiving Party shall notify the Disclosing Party of the pendency of such subpoena or order at least five (5) court days prior to such disclosure if possible, but in any event, at least prior to any such disclosure.

47.    The terms of this Protective Order shall survive termination of this action.

**SO STIPULATED:**

Date: October 26, 2005

*Counsel for NetRatings, Inc.*

*Counsel for Coremetrics, Inc.*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

ASHBY & GEDDES

_Karen E. Keller_

____/s/ Lauren Maguire_____

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
kkeller@ycst.com

Steven J. Balick (No. 2114)
John G. Day (No. 2403)
Lauren E. Maguire (No. 4261)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899
Telephone: (302) 654-1888
Facsimile:(302) 654-2067
lmaguire@ashby-geddes.com

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP

HELLER EHRMAN LLP

Frederick L. Whitmer (FW 8888)
Seth H. Ostrow (SO 9605)
Arianna Frankl (AF 7764)
Steven S. Rubin (SR 4709)
900 Third Avenue
New York, New York 10022
Telephone:  (212) 895-2000
Facsimile:  (212) 895-2900

Robert T. Haslam
Nitin Subhedar
275 Middlefield Road
Menlo Park, California  94025
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

**SO ORDERED:**

Dated: _____

_____
The Honorable Gregory M. Sleet
United States District Judge
United States District Court for the
District of Delaware

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NETRATINGS, INC.,

                      Plaintiff,

    v.

COREMETRICS, INC.,

                      Defendant.

**Civil Action No. 05-314 GMS**

**JURY TRIAL DEMANDED**

<u>**CONFIDENTIALITY AGREEMENT**</u>

I, _____, declare that:

1.    My address is _____

_____.

2.    My present occupation is_____, and I

am currently employed by_____. I have

been retained by _____ with respect to

this litigation. A true copy of my curriculum vitae is attached.

3.    I have received a copy of the Protective Order in this action, and have carefully

read and understand its provisions.

4.    I will comply with all of the provisions of the Protective Order. I will hold in

confidence, will not disclose to anyone other than those persons specifically authorized by the

Protective Order, and will not copy or use for purposes other than for this lawsuit, any

information designated under Protective Order, except as expressly permitted in the Protective

Order.

5.     I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Signature: _____

Date: _____, 200__