IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETRATINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-314-GMS |
| v. | ) | |
| | ) | |
| COREMETRICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT COREMETRICS, INC., AND DEMAND FOR JURY TRIAL

Defendant and Counterclaim Plaintiff Coremetrics, Inc. ("Coremetrics") hereby answers the Amended Complaint of Plaintiff NetRatings, Inc. ("NetRatings") as follows:

### THE PARTIES

1.      In response to Paragraph 1 of the Amended Complaint, Coremetrics admits that NetRatings is a Delaware corporation with offices at 120 West 45th Street, New York, New York 10036. Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Amended Complaint and on that basis denies each and every such allegation.

2.      In response to Paragraph 2 of the Amended Complaint, Coremetrics admits that it is a Delaware corporation with its principal place of business at 2755 Campus Drive, Suite 235, San Mateo, California 94403.

3.      In response to Paragraph 3 of the Amended Complaint, Coremetrics admits that it is incorporated in this judicial district. Except as so expressly admitted, Coremetrics denies each and every allegation of Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.      In response to Paragraph 4 of the Amended Complaint, Coremetrics admits that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq* and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      In response to Paragraph 5 of the Amended Complaint, Coremetrics admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## FACTS COMMON TO ALL COUNTS

6.      In response to Paragraph 6 of the Amended Complaint, Coremetrics admits that it provides hosted Web analytics and precision marketing solutions to the marketplace. Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Amended Complaint and on that basis denies each and every such allegation.

7.      In response to Paragraph 7 of the Amended Complaint, Coremetrics admits that on October 7, 1997, United States Letters Patent No. 5,675,510 ("the '510 patent"), entitled "Computer use meter and analyzer," was issued to Coffey, et al.  Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Amended Complaint and on that basis denies each and every such allegation.

8.      In response to Paragraph 8 of the Amended Complaint, Coremetrics admits that on August 22, 2000, United States Letters Patent No. 6,108,637 ("the '637 patent"), entitled "Content display monitor," was issued to Blumenau.  Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Amended Complaint and on that basis denies each and every such allegation.

9.      In response to Paragraph 9 of the Amended Complaint, Coremetrics admits that on September 5, 2000, United States Letters Patent No. 6,115,680 ("the '680 patent"), entitled "Computer use meter and analyzer," was issued to Coffey, et al.  Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Amended Complaint and on that basis denies each and every such allegation.

10.      In response to Paragraph 10 of the Amended Complaint, Coremetrics admits that on July 13, 2004, United States Letters Patent No. 6,763,386 ("the '386 patent"), entitled "Method and apparatus for tracking client interaction with a network resource downloaded from a server," was issued to Davis, et al.  Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Amended Complaint and on that basis denies each and every such allegation.

11.      In response to Paragraph 11 of the Amended Complaint, Coremetrics admits that on October 24, 2000, United States Letters Patent No. 6,138,155 ("the '155 patent"), entitled "Method and apparatus for tracking client interaction with a network resource and creating client profiles and resource database," was issued to Davis, et al.  Coremetrics lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Amended Complaint and on that basis denies each and every such allegation.

## COUNT I

### Infringement Of United States Patent No. 5,675,510

12.      In response to Paragraph 12 of the Amended Complaint, Coremetrics incorporates and realleges the responses contained in Paragraphs 1 through 11 above as though fully set forth herein.

13.     In response to Paragraph 13 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 13 of the Amended Complaint.

14.     In response to Paragraph 14 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 14 of the Amended Complaint.

15.     In response to Paragraph 15 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 15 of the Amended Complaint.

16.     In response to Paragraph 16 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 16 of the Amended Complaint.

17.     In response to Paragraph 17 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 17 of the Amended Complaint.

## COUNT II

### Infringement Of United States Patent No. 6,108,637

18.     In response to Paragraph 18 of the Amended Complaint, Coremetrics incorporates and realleges the responses contained in Paragraphs 1 through 17 above as though fully set forth herein.

19.     In response to Paragraph 19 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 19 of the Amended Complaint.

20.     In response to Paragraph 20 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 20 of the Amended Complaint.

21.     In response to Paragraph 21 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 21 of the Amended Complaint.

22.     In response to Paragraph 22 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 22 of the Amended Complaint.

23.    In response to Paragraph 23 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 23 of the Amended Complaint.

## COUNT III

### Infringement Of United States Patent No. 6,115,680

24.    In response to Paragraph 24 of the Amended Complaint, Coremetrics incorporates and realleges the responses contained in Paragraphs 1 through 23 above as though fully set forth herein.

25.    In response to Paragraph 25 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 25 of the Amended Complaint.

26.    In response to Paragraph 26 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 26 of the Amended Complaint.

27.    In response to Paragraph 27 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 27 of the Amended Complaint.

28.    In response to Paragraph 28 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 28 of the Amended Complaint.

29.    In response to Paragraph 29 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 29 of the Amended Complaint.

## COUNT IV

### Infringement Of United States Patent No. 6,763,386

30.    In response to Paragraph 30 of the Amended Complaint, Coremetrics incorporates and realleges the responses contained in Paragraphs 1 through 29 above as though fully set forth herein.

31.     In response to Paragraph 31 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 31 of the Amended Complaint.

32.     In response to Paragraph 32 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 32 of the Amended Complaint.

33.     In response to Paragraph 33 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 33 of the Amended Complaint.

34.     In response to Paragraph 34 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 34 of the Amended Complaint.

35.     In response to Paragraph 35 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 35 of the Amended Complaint.

## COUNT V

### Infringement Of United States Patent No. 6,138,155

36.     In response to Paragraph 36 of the Amended Complaint, Coremetrics incorporates and realleges the responses contained in Paragraphs 1 through 35 above as though fully set forth herein.

37.     In response to Paragraph 37 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 37 of the Amended Complaint.

38.     In response to Paragraph 38 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 38 of the Amended Complaint.

39.     In response to Paragraph 39 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 39 of the Amended Complaint.

40.     In response to Paragraph 40 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 40 of the Amended Complaint.

41.    In response to Paragraph 41 of the Amended Complaint, Coremetrics denies each and every allegation in Paragraph 41 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

42.    Coremetrics incorporates by reference Paragraphs 1 through 41 in their entirety.

43.    Each and every one of NetRatings' allegations and claims for relief fails to state a claim against Coremetrics for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity Under 35 U.S.C. § 102)

44.    Coremetrics incorporates by reference Paragraphs 1 through 43 in their entirety.

45.    On information and belief, the patents asserted in the Amended Complaint (collectively, the "patents-in-suit") and each of the claims allegedly infringed by Coremetrics are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 102.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity Under 35 U.S.C. § 103)

46.    Coremetrics incorporates by reference Paragraphs 1 through 45 in their entirety.

47.    On information and belief, the patents-in-suit and each of the claims allegedly infringed by Coremetrics are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 103.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity Under 35 U.S.C. § 112)

48.     Coremetrics incorporates by reference Paragraphs 1 through 47 in their entirety.

49.     On information and belief, the patents-in-suit and each of the claims allegedly infringed by Coremetrics are invalid for failure to comply with one or more of the requirements set forth in 35 U.S.C. § 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-infringement)

50.     Coremetrics incorporates by reference Paragraphs 1 through 49 in their entirety.

51.     Coremetrics does not directly infringe any claim of the patents-in-suit literally or under the Doctrine of Equivalents.

52.     Coremetrics does not contributorily infringe or induce infringement of any claim of any of the patents-in-suit.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches Under 35 U.S.C. § 286)

53.     Coremetrics incorporates by reference Paragraphs 1 through 52 in their entirety.

54.     NetRatings is barred under 35 U.S.C. § 286 from recovering damages for any alleged infringement occurring more than six years prior to the filing of this suit.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches And Equitable Estoppel)

55.     Coremetrics incorporates by reference Paragraphs 1 through 54 in their entirety.

56.     Although Coremetrics has been openly selling its products for several years, NetRatings and its alleged predecessors-in-interest unreasonably delayed in asserting

infringement. This delay has resulted in material prejudice to Coremetrics. NetRatings' claims are barred by the equitable doctrine of laches.

57.   The decision by NetRatings and its alleged predecessors-in-interest not to assert the patents-in-suit against Coremetrics until the filing of this suit led Coremetrics reasonably to infer that NetRatings did not intend to enforce any patents against Coremetrics. Coremetrics accordingly continued to openly sell its products. Coremetrics would be materially prejudiced if NetRatings is allowed to proceed with an infringement suit. NetRatings' claims are barred by the equitable doctrine of equitable estoppel.

<h2 style="text-align:center">EIGHTH AFFIRMATIVE DEFENSE</h2>

<h3 style="text-align:center">(Prosecution History Estoppel)</h3>

58.   Coremetrics incorporates by reference Paragraphs 1 through 57 in their entirety.

59.   NetRatings is estopped, by virtue of proceedings in the United States Patent and Trademark Office during prosecution of the applications leading to the patents-in-suit, from advocating a construction of any claims of the patents-in-suit so as to cover, literally or under the Doctrine of Equivalents, any Coremetrics product or process.

<h2 style="text-align:center">NINTH AFFIRMATIVE DEFENSE</h2>

<h3 style="text-align:center">(Ownership)</h3>

60.   Coremetrics incorporates by reference Paragraphs 1 through 59 in their entirety.

61.   NetRatings is not the assignee on the face of the '386, '510, '637, '680, or '155 patents and has not attached any exhibits to its Amended Complaint establishing ownership of these patents. On information and belief, NetRatings does not have the right to enforce the '386, '510, '637, '680, or '155 patents.

Coremetrics reserves the right to amend its answer to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIMS FOR AFFIRMATIVE RELIEF

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Coremetrics hereby asserts counterclaims against NetRatings as follows:

### PARTIES

62.     Counterclaim Plaintiff Coremetrics, Inc. ("Coremetrics") is a corporation in good standing incorporated under the laws of the State of Delaware, with its principal place of business at 2755 Campus Drive, Suite 235, San Mateo, California 94403.

63.     On information and belief, Counterclaim Defendant NetRatings, Inc. ("NetRatings") is a corporation incorporated under the laws of the State of Delaware, with offices at 120 West 45th Street, New York, New York 10036.

### JURISDICTION AND VENUE

64.     Jurisdiction over this counterclaim is proper pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

65.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

### GENERAL ALLEGATIONS

66.     On May 19, 2005, NetRatings filed suit against Coremetrics, claiming infringement of the United States Letters Patent Nos. 6,763,386; 5,675,510; 6,108,637; 6,115,680 and on January 13, 2006, NetRatings served an Amended Complaint additionally claiming infringement of the United States Letter Patent No. 6,138,155 (collectively, the "patents-in-suit").

67.     NetRatings has alleged that it owns the patents-in-suit, including the right to sue for past infringement.

68.     An actual and justiciable controversy has arisen and presently exists between the parties for which Coremetrics desires a declaration of rights pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, inasmuch as NetRatings has alleged that Coremetrics is infringing the patents-in-suit, Coremetrics denies this allegation, and Coremetrics alleges that it in fact does not infringe any claim of the patents-in-suit and that the claims it is accused of infringing are invalid.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

69.     Coremetrics incorporates by reference Paragraphs 1 through 68 in their entirety.

70.     Coremetrics is not infringing, literally or under the Doctrine of Equivalents, any claim of any of the patents-in-suit, nor has it previously so infringed any claim of any of the patents-in-suit.

71.     Coremetrics is not contributorily infringing or inducing infringement of any claim of any of the patents-in-suit, nor has it previously so contributorily infringed or induced infringement of any claim of any of the patents-in-suit.

72.     Coremetrics therefore seeks a judgment declaring, under the Patent Laws of the United States, that Coremetrics is not infringing the patents-in-suit literally, under the Doctrine of Equivalents, or contributorily, and that it is not inducing such infringement.  Coremetrics further seeks a judgment declaring, under the Patent Laws of the United States, that Coremetrics has not previously infringed the patents-in-suit literally, under the Doctrine of Equivalents, or contributorily, and that it has not previously induced such infringement.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity)**

73.    Coremetrics incorporates by reference Paragraphs 1 through 72 in their entirety.

74.    The patents-in-suit and the claims that Coremetrics is accused of infringing are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 102.

75.    The patents-in-suit and the claims that Coremetrics is accused of infringing are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 103.

76.    The patents-in-suit and the claims that Coremetrics is accused of infringing are invalid for failure to comply with one or more of the requirements set forth in 35 U.S.C. § 112.

77.    Coremetrics therefore seeks a judgment declaring, under the Patent Laws of the United States, that the patents-in-suit and the claims that Coremetrics is accused of infringing are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Coremetrics respectfully requests the following relief:

    A.  That judgment on NetRatings' Amended Complaint be entered in favor of Coremetrics, and against NetRatings, and that NetRatings not be awarded any relief in connection therewith;

    B.  That Coremetrics be declared not to have infringed any of the patents-in-suit;

    C.  That Coremetrics be declared not to have willfully infringed any of the patents-in-suit;

D. That each of the patents-in-suit be declared to be invalid;

E. That Coremetrics be awarded its costs and disbursements pursuant to 35 U.S.C. § 285 or otherwise, its attorneys' fees, pre-judgment and post-judgment interest as allowed by law, and any such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant Coremetrics, Inc.*

*Of Counsel:*

Robert T. Haslam
Nitin Subhedar
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone: (650)-324-7000
Facsimile: (650)-324-0638

Dated:  January 30, 2006
166180.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2006, the attached **AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT COREMETRICS, INC., AND DEMAND FOR JURY TRIAL** was served upon the below-named defendants at the address and in the manner indicated:

John W. Shaw, Esquire                              <u>HAND DELIVERY</u>
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Frederick L. Whitmer, Esquire                      <u>VIA FEDERAL EXPRESS</u>
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY  10022


                                                   /s/ *Lauren E. Maguire*
                                                   _____
                                                   Lauren E. Maguire