IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------ x
                               :
NETRATINGS, INC.,              :
                               :
            Plaintiff,         :    Civil Action No. 05-cv-314-GMS
                               :
       v.                      :
                               :
COREMETRICS, INC.,             :    **JURY TRIAL DEMANDED**
                               :
            Defendant.         :
                               :
------------------------------ x

**REPLY OF NETRATINGS, INC. TO
AMENDED COUNTERCLAIMS OF COREMETRICS, INC.**

NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and for its Reply to the Amended Counterclaims (the "Amended Counterclaims") filed by Coremetrics, Inc. ("Coremetrics"), states as follows:

**THE PARTIES**

1.   NetRatings denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Counterclaims.

2.   NetRatings admits the allegations contained in Paragraph 63 of the Amended Counterclaims.

**JURISDICTION AND VENUE**

3.   NetRatings denies the allegations contained in Paragraph 64 of the Amended Counterclaims, except admits that the Amended Counterclaims purport to state a claim for

declaratory relief and that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

4.  NetRatings denies the allegations contained in Paragraph 65 of the Amended Counterclaims, except admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## GENERAL ALLEGATIONS

5.  In response to the allegations contained in Paragraph 66 of the Amended Counterclaims, NetRatings asserts that the Complaint and Amended Complaint filed by NetRatings against Coremetrics speaks for itself and NetRatings respectfully refers the Court to the Complaint and Amended Complaint for the true and complete content thereof, and otherwise NetRatings denies the allegations contained in Paragraph 66 of the Amended Counterclaims.

6.  In response to the allegations contained in Paragraph 67 of the Amended Counterclaims, NetRatings asserts that the Complaint and Amended Complaint filed by NetRatings against Coremetrics speaks for itself and NetRatings respectfully refers the Court to the Complaint and Amended Complaint for the true and complete content thereof, and otherwise NetRatings denies the allegations contained in Paragraph 67 of the Amended Counterclaims.

7.  In response to the allegations contained in Paragraph 68 of the Amended Counterclaims, NetRatings asserts that the Complaint and Amended Complaint filed by NetRatings against Coremetrics speaks for itself and NetRatings respectfully refers the Court to the Complaint and Amended Complaint for the true and complete content thereof, and otherwise NetRatings denies the allegations contained in Paragraph 68 of the Amended Counterclaims.

## FIRST COUNTERCLAIM

### (Declaration of Patent Noninfringement)

8. In response to the allegations contained in Paragraph 69 of the Amended Counterclaims, NetRatings repeats and realleges its responses to the allegations contained in Paragraphs 1 through 7 hereof as though fully set forth herein. In addition, to the extent Coremetrics has incorporated Paragraphs 1 through 61 of its Answer into Paragraph 69 of the Amended Counterclaims, NetRatings also denies the allegations of those Paragraphs.

9. NetRatings denies the allegations contained in Paragraph 70 of the Amended Counterclaims.

10. NetRatings denies the allegations contained in Paragraph 71 of the Amended Counterclaims.

11. NetRatings denies the allegations contained in Paragraph 72 of the Amended Counterclaims.

## SECOND COUNTERCLAIM

### (Declaration of Patent Invalidity)

12. In response to the allegations contained in Paragraph 73 of the Amended Counterclaims, NetRatings repeats and realleges its responses to the allegations contained in Paragraphs 1 through 11 hereof as though fully set forth herein. In addition, to the extent Coremetrics has incorporated Paragraphs 1 through 61 of its Answer into Paragraph 73 of the Amended Counterclaims, NetRatings also denies the allegations of those Paragraphs.

13. NetRatings denies the allegations contained in Paragraph 74 of the Amended Counterclaims.

14.  NetRatings denies the allegations contained in Paragraph 75 of the Amended Counterclaims.

15.  NetRatings denies the allegations contained in Paragraph 76 of the Amended Counterclaims.

16.  NetRatings denies the allegations contained in Paragraph 77 of the Amended Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, NetRatings prays for judgment against Coremetrics and awarding NetRatings the following relief:

A.  Dismissing Coremetrics' alleged claims contained in the Amended Counterclaims with prejudice;

B.  Adjudging that Coremetrics has infringed, is infringing, has induced and is inducing others to infringe, and has contributed and is contributing to, the infringement of U.S. Patent Nos. 5,675,510 (the "'510 Patent"); 6,108,637 (the "'637 Patent"); 6,115,680 (the "'680 Patent"); 6,763,386 (the "'386 Patent"); and 6,138,155 (the "'155 Patent");

C.  Permanently enjoining Coremetrics, its agents, servants, subsidiaries, affiliates, employees and those in active concert or participation with any of them, from further infringement, inducement of infringement or contributory infringement of the '510, '637, '680, '386, and '155 Patents.

D.  Adjudging that the '510, '637, '680,'386, and '155 Patents are valid;

E.  Awarding NetRatings damages adequate to fully compensate it for infringement by Coremetrics of the '510, '637, '680, '386, and '155 Patents, in accordance with, *inter alia,* 35 U.S.C. § 284, and including pre-judgment and post-judgment interest;

F.   Adjudging that Coremetrics' infringement of the '510, '637, '680, '386, and '155 Patents are and continue to be willful and deliberate and awarding NetRatings enhanced damages pursuant to 35 U.S.C. § 284;

G.   Trebling the compensatory damages due NetRatings;

H.   Adjudging that this is an exceptional case under 35 U.S.C. § 285 and awarding NetRatings its attorneys' fees, costs and expenses in this action; and

I.   Ordering such other and further relief as the Court deems just and equitable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Josy W. Ingersoll (#1088)
jingersoll@ycst.com
John W. Shaw (#3362)
jshaw@ycst.com
Andrew A. Lundgren (#4429)
alundgren@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
Telephone: (302) 571-6600

BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
Frederick L. Whitmer
Seth H. Ostrow
Arianna Frankl
900 Third Avenue
New York, New York 10022
Telephone: (212) 895-2000

Attorneys for Plaintiff NetRatings, Inc.

Dated: February 21, 2006

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

        YOUNG CONAWAY STARGATT
         & TAYLOR, LLP

        */s/ Andrew A. Lundgren*
        Josy W. Ingersoll (#1088)
        jingersoll@ycst.com
        John W. Shaw (#3362)
        jshaw@ycst.com
        Andrew A. Lundgren (#4429)
        alundgren@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, Delaware 19899
        Telephone: (302) 571-6600

        BROWN RAYSMAN MILLSTEIN
         FELDER & STEINER LLP
        Frederick L. Whitmer (FW 8888)
        Seth H. Ostrow (SO 9605)
        Arianna Frankl (AF 7764)
        900 Third Avenue
        New York, New York 10022
        Telephone: (212) 895-2000

        Attorneys for Plaintiff NetRatings, Inc.

Dated: February 21, 2006

654276

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on February 21, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> Wilmington, DE 19801

I further certify that on February 21, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

> **BY E-MAIL**
>
> Robert T. Haslam, Esquire
> Heller & Ehrman LLP
> 275 Middlefield Rd.
> Menlo Park, CA 94025

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Andrew A. Lundgren
> _____
> Josy W. Ingersoll (#1088)
> jingersoll@ycst.com
> John W. Shaw (#3362)
> jshaw@ycst.com
> Andrew A. Lundgren (# 4489)
> alundgren@ycst.com
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899
> Telephone: (302) 571-6600