IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NETRATINGS, INC., | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No.: 05-314-GMS |
| v. | ) | |
|  | ) | |
| COREMETRICS, INC., | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**DECLARATION OF DAVID KLAUSNER IN SUPPORT OF COREMETRICS, INC.'S OPENING CLAIM CONSTRUCTION BRIEF**

I, David Klausner, hereby declare as follows:

1. I have over 38 years of experience in the computer field, including in the areas of computer operating systems, software, internet and database applications.

2. After completing my Masters in Science in Electrical Engineering in 1974 from Polytechnic Institute of Brooklyn, New York, I have worked on numerous projects involving both computer software and hardware. For example, while working for Hewlett-Packard, I wrote tests to confirm proper system function of the HP-1000 Operating System, RTE-A. As a consultant for Intel Corporation, I worked with PC/Mainframe client/server model computer systems handling large databases and order/inventory tracking systems.

3. Since 1992, as an independent computer expert and consultant, I have evaluated and investigated software applications and database management systems and data in a wide variety of matters. In the course of these engagements, I have reviewed hundreds of thousands of lines of Java computer code and consulted on at least 15 cases that involved client-server or Internet-related applications. My experience and qualifications are summarized in my resume, a true and correct copy of which is attached hereto as Exhibit 1.

4. I have been retained by Defendant Coremetrics, Inc. ("Coremetics") to serve as an expert in this case. I am being compensated at the rate of $500 per hour.

5. I have analyzed and reviewed U.S. Patent No. 5,675,510 ("the '510 patent"), U.S. Patent No. 6,115,680 ("the '680 patent"), U.S. Patent No. 6,108,637 ("the '637 patent"), U.S. Patent No. 6,138,155 ("the '155 patent"), and U.S. Patent No. 6,763,386 ("the '386 patent") (collectively "patents-in-suit"). I have also analyzed and reviewed the prosecution histories of each of the patents-in-suit.

6. In my opinion, a person of ordinary skill in the art of these patents would have a Bachelor of Science degree in computer science, or equivalent work experience, and one to two years of programming experience in the industry.

7. I have considered the proposed claim term definitions submitted by each of the parties in their definitional exchanges during the claim construction "meet and confer" process,

as well as the proposed definitions provided by each of the parties in the Joint Claim Construction Chart submitted to the Court on April 3, 2006. Attached as Exhibit 2 hereto is what I understand to be a true and correct copy of this Joint Claim Construction Chart ("JCCC"). I have also reviewed the intrinsic evidence and extrinsic evidence citations made by each party in support of their proposed definitions.

8. In my opinion, a person of ordinary skill in the art at the time of filing of each of the patents-in-suit would, after reviewing the file history, claims, specifications, and drawings of the patents-in-suit, construe the terms of the claims of the patents-in-suit as proposed by Coremetrics in its portion of the JCCC.

9. Within the claim terms of the '637 patent, it is my opinion that the term "characteristic" is vague and indefinite. I do not believe that, after reviewing the claims, specification and file history of the '637 patent, that one of ordinary skill in the art would be able to understand the meaning of that term as it is used in the claims of the '637 patent.

10. Also, it is my opinion that, even with NetRatings' proposed definition of "characteristic," one of ordinary skill in the art would not understand what the claims that use this term cover, and do not cover.

11. An "instruction" is a statement written in a computer programming language that tells a computer to do something. However, this term does not, by itself, tell one of ordinary skill in the art at the time of filing what the computer is supposed to do or how it is supposed to do it. The term "instructions" does not identify any particular programming language, does not identify any type of instruction (e.g., an "if-then" or an assignment statement), and does not identify any sequence in which tasks should be undertaken as part of those "instructions." In my opinion, in computer programming, the term "instructions" is no more descriptive of a particular structure than the terms "device" or "mechanism" would be in the mechanical arts. I have also reviewed a number of computer-related dictionaries and the term "instructions" has no dictionary definition that confers a definiteness of structure. Thus, the '637 patent claim term "instructions" does not inherently describe any structure.

12. If something is "generated" in a computer, it must be kept somewhere in that computer at the time that it is generated. Data is generated in a computer's temporary storage, commonly known as RAM.

13. "Storing" means a permanent way of saving something. On a modern personal computer, this is typically done on a hard drive.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 17 day of April, 2006 at Redwood City.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2006, the attached **DECLARATION OF DAVID KLAUSNER IN SUPPORT OF COREMETRICS, INC.'S OPENING CLAIM CONSTRUCTION BRIEF** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | **HAND DELIVERY** |
| Frederick L. Whitmer, Esquire<br>Brown Raysman Millstein Felder & Steiner LLP<br>900 Third Avenue<br>New York, NY  10022 | **VIA FEDERAL EXPRESS** |

/s/ *Lauren E. Maguire*
_____
Lauren E. Maguire