IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

NETRATINGS, INC.,

                    :

           Plaintiff,

                    :    Civil Action No. 05-314-GMS

     v.

                    :

COREMETRICS, INC.

                    :

           Defendant.

                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF SUBPOENAS

      PLEASE TAKE NOTICE that Plaintiff Netratings, Inc. has served the attached

subpoenas.

                         YOUNG CONAWAY STARGATT &
                         TAYLOR, LLP

                         John W. Shaw (No. 3362)
                         Karen E. Keller (No. 4489)
                         Andrew A. Lundgren (4429)
OF COUNSEL:                 The Brandywine Building
                         1000 West Street, 17th Floor
                         P.O. Box 391
BROWN RAYSMAN MILLSTEIN      Wilmington, DE  19899-0391
FELDER & STEINER LLP            Telephone:  (302) 571-6600
Seth H. Ostrow                   alundgren@ycst.com
Jeffrey P. Weingart
Frederick L. Whitmer            *Attorneys for NetRatings, Inc.*
Arianna Frankl
Steven S. Rubin
900 Third Avenue
New York, New York 10022
Telephone:  (212) 895-2000

Dated:  April 24, 2006

# **TAB 1**

AO88  (Delaware Rev. 7/00) Subpoena in a Civil Case

**Issued by the**

## UNITED STATES DISTRICT COURT

NETRATINGS, INC.,                     DISTRICT OF DELAWARE
     Plaintiff,

V.                                                    **SUBPOENA IN A CIVIL CASE**

COREMETRICS, INC.,
     Defendant.                    Case Number:[1] 05-cv-314-GMS

TO:  The TJX Companies, Inc.
    c/o The Corporation Trust Company
    1209 Orange Street Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP; A list of deposition topics is annexed hereto as Schedule B | May 16, 2006 at 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A list of documents is annexed hereto as Schedule A

| PLACE  Brown Raysman Millstein Felder & Steiner LLP, 900 Third Ave., New York, NY 10022 | DATE AND TIME |
|---|---|
|  | May 10, 2006 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Arianna Frankl (TPW)* | April 24, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | Arianna Frankl, Esq., Brown Raysman Millstein Felder & Steiner LLP |
|---|---|
|  | Attorneys for NetRatings, Inc. |
|  | 900 Third Avenue, NY, New York 10022          212-895-2000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Delaware Rev. 7/00) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                            DATE                                                       SIGNATURE OF SERVER

                                                                             _____
                                                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1.  "TJMaxx" "you" or "your" means The TJX Companies, Inc., its members, principals, partners, associates, employees, agents and all other persons or entities acting on their behalf.

2.  "NetRatings" or "Plaintiff" means NetRatings, Inc., and its officers, directors, members, principals, employees, agents and all other persons or entities acting on its behalf.

3.  "Coremetrics" or "Defendant" means Coremetrics, Inc., and its officers, directors, members, principals, employees, agents and all other persons or entities acting on its behalf.

4.  The term "'510 Patent" means U.S. Patent No. 5,675,510 entitled "COMPUTER USE METER AND ANALYZER," issued on October 7, 1997.

5.  The term "'637 Patent" means U.S. Patent No. 6,108,637 entitled "CONTENT DISPLAY MONITOR," issued on August 22, 2000.

6.  The term "'680 Patent" means U.S. Patent No. 6,115,680 entitled "COMPUTER USE METER AND ANALYZER," issued on September 5, 2000.

7.  The term "'386 Patent" means U.S. Patent No. 6,763,386 entitled "METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER," issued on July 13, 2004.

8.  The term "'155 Patent" means U.S. Patent No. 6,138,155 entitled "METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE," issued on October 24, 2000.

9.     The term "Patents in Suit" means U.S. Patent Nos. 5,675,510; 6,108,637; 6,115,680; 6,763,386; and 6,138,155 collectively.

10.    The term "Accused Products" means Defendant's products and associated modules, services, and/or solutions, including but not limited to, Coremetrics Online Analytics, Live Profile, LIVEview, Management Dashboard, SmartTags, Core Data Platform and ClickStream Reports, alone and/or in combination with one another or with other Coremetrics products and any related products and associated modules, services, and/or solutions; and any products and associated modules, services, and/or solutions, owned, provided, sold, having sold, offered for sale, used, having used, made, and/or having made by Defendant that alone or in combination, perform, implement or enable, the same functionality as the foregoing product(s). The term Accused Products shall also include any product and associated modules, services, and/or solutions owned, provided, sold, having sold, offered for sale, used, having used, made, and/or having made by Defendant that alone or in combination, performs, implements or enables, any function described in any of the Patents in Suit, whether with respect to a particular element, component or combination thereof or as a whole, and including computer software or hardware and related equipment and each and every release, version, modification and upgrade or revision thereof.

11.    "Action" means the above-captioned action, including NetRatings' claims against Defendant, any of Defendant's counterclaims against NetRatings and the defenses of Defendant or NetRatings against the other.

12.    Additionally, the following terms shall have the meaning set forth below:

(a)     The term "entity" or entities shall refer to both natural persons or corporate, legal, governmental or other business organizations, partnerships, groups, associations or sole proprietorships, and the "acts" of an "entity" or "entities" are defined to include the acts of directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf.

(b)     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

(c)     The term "thing" has the broadest meaning prescribed by Fed. R. Civ. P. 34, and includes every kind of physical specimen or tangible item, other than a document, that is in your possession, custody or control.

(d)     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(e)     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(f)     The terms "all" and "each" shall be construed as all and each.

(g)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(h)     The word "any" shall be construed to include the word "all" and the word "all" shall be construed to include the word "any."  The word "including" shall mean "including but not limited to."

13.     Each document produced shall be segregated according to the numbered request to which

it is responsive or shall be designated in some other manner sufficient to identify to

which request it is responsive or shall be produces as it is kept in the usual course of

business.

14.     Where a claim of privilege is asserted and otherwise responsive information or

documents are withheld from production on such basis, you shall identify, at the time of

withholding:

(a)     the nature of the privilege which is being claimed and, if the privilege is governed

by state law, indicate the state's privilege rule being invoked;

(b)     the type of document, e.g. letter or memorandum;

(c)     the general subject matter of the document;

(d)     the date of the document;

(e)     the author of the document;

(f)     the addressees of the document;

(g)     any other recipients shown in the document;

(h)     the relationship of the author, addresses and recipients to each other; and

(i)     such other information as is sufficient to identify the document.

15.     If any document which is responsive to the requests made herein has been lost, discarded,

transferred to another person or entity, destroyed, or otherwise disposed of, state in

writing:

(a)     the date, names and subject matter of the document;

(b)     the name, address, employment and title of each person which prepared, received,

reviewed or had custody, possession or control of the document;

(c)     all persons which knowledge of the contents or any portion of the document;

(d)     the previous location of the document;

(e)     the date of disposal of the document;

(f)     the reason for disposal or transfer of the document;

(g)     the manner of disposal of the document; and

(h)     the names and addresses of the transferee of the document, if applicable.

## SCHEDULE A

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1

All documents concerning communications between Coremetrics and TJMaxx.

### DOCUMENT REQUEST NO. 2

All documents concerning any agreements between Coremetrics and TJMaxx.

### DOCUMENT REQUEST NO. 3

All documents concerning any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 4

All documents concerning any products or services provided, sold, licensed or offered for sale by Coremetrics to TJMaxx, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 5

All documents concerning TJMaxx's use of any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 6

All documents concerning TJMaxx's implementation of any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

**DOCUMENT REQUEST NO. 7**

All documents concerning any communications within TJMaxx concerning any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

**DOCUMENT REQUEST NO. 8**

All documents concerning payments of monies or other consideration made by TJMaxx to Coremetrics.

**DOCUMENT REQUEST NO. 9**

All documents concerning information provided by Coremetrics to TJMaxx relating to the behavior of Internet users.

**DOCUMENT REQUEST NO. 10**

All documents concerning information provided by Coremetrics to TJMaxx relating to the Web site located at www.tjmaxx.com.

**DOCUMENT REQUEST NO. 11**

All documents concerning information provided by TJMaxx to Coremetrics relating to the Web site located at www.tjmaxx.com.

**DOCUMENT REQUEST NO. 12**

To the extent not produced in response to Requests 1 through 11 above, all documents concerning Coremetrics.

**DOCUMENT REQUEST NO. 13**

All documents concerning products or services of NetRatings.

**DOCUMENT REQUEST NO. 14**

All documents concerning NetRatings.

**DOCUMENT REQUEST NO. 15**

All documents concerning infringement or alleged infringement of the Patents in Suit.

**DOCUMENT REQUEST NO. 16**

To the extent not produced in response to Request 15, all documents concerning the Patents in Suit.

**DOCUMENT REQUEST NO. 17**

All documents concerning the Action.

## SCHEDULE B

## DEPOSITION TOPICS

### TOPIC NO. 1

Communications between Coremetrics and TJMaxx.

### TOPIC NO. 2

Agreements between Coremetrics and TJMaxx.

### TOPIC NO. 3

Products and services of Coremetrics, including, without limitation, the Accused

Products.

### TOPIC NO. 4

Products and services of Coremetrics provided by Coremetrics to TJMaxx.

### TOPIC NO. 5

TJMaxx's use of any products or services provided by Coremetrics.

### TOPIC NO. 6

TJMaxx's implementation of any products or services provided by Coremetrics.

### TOPIC NO. 7

Communications within TJMaxx concerning products or services of Coremetrics.

### TOPIC NO. 8

Monies or other consideration paid by TJMaxx to Coremetrics.

### TOPIC NO. 9

Information provided by Coremetrics to TJMaxx relating to the behavior of

Internet Users.

**TOPIC NO. 10**

Information provided by Coremetrics to TJMaxx relating to the Web site located

at www.tjmaxx.com.

**TOPIC NO. 11**

Information provided by TJMaxx to Coremetrics relating to the Web site located

at www.tjmaxx.com.

**TOPIC NO. 12**

Coremetrics.

**TOPIC NO. 13**

Products and services of NetRatings.

**TOPIC NO. 14**

NetRatings.

**TOPIC NO. 15**

Infringement and alleged infringement of the Patents in Suit.

**TOPIC NO. 16**

The Patents in Suit.

**TOPIC NO. 17**

The Action.

910310

# TAB 2

AO88  (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

NETRATINGS, INC.,
        Plaintiff,

      V.

COREMETRICS, INC.,
        Defendant.

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 05-cv-314-GMS

TO:  Brookstone, Inc.,
     c/o The Corporation Trust Company
     Corporation Trust Center, 1209 Orange Street
     Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP; A list of deposition topics is annexed hereto as Schedule B | May 17, 2006 at 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    A list of documents is annexed hereto as Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Brown Raysman Millstein Felder & Steiner LLP, 900 Third Ave., New York, NY 10022 | May 10, 2006 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Arianna Frank (JPN)* | April 24, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Arianna Frankl, Esq., Brown Raysman Millstein Felder & Steiner LLP | |
| Attorneys for NetRatings, Inc. | |
| 900 Third Avenue, NY, New York 10022 | 212-895-2000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Delaware Rev. 7/00) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1.  "Brookstone" "you" or "your" means Brookstone, Inc., its members, principals, partners, associates, employees, agents and all other persons or entities acting on their behalf.

2.  "NetRatings" or "Plaintiff" means NetRatings, Inc., and its officers, directors, members, principals, employees, agents and all other persons or entities acting on its behalf.

3.  "Coremetrics" or "Defendant" means Coremetrics, Inc., and its officers, directors, members, principals, employees, agents and all other persons or entities acting on its behalf.

4.  The term "'510 Patent" means U.S. Patent No. 5,675,510 entitled "COMPUTER USE METER AND ANALYZER," issued on October 7, 1997.

5.  The term "'637 Patent" means U.S. Patent No. 6,108,637 entitled "CONTENT DISPLAY MONITOR," issued on August 22, 2000.

6.  The term "'680 Patent" means U.S. Patent No. 6,115,680 entitled "COMPUTER USE METER AND ANALYZER," issued on September 5, 2000.

7.  The term "'386 Patent" means U.S. Patent No. 6,763,386 entitled "METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER," issued on July 13, 2004.

8.  The term "'155 Patent" means U.S. Patent No. 6,138,155 entitled "METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE," issued on October 24, 2000.

9.  The term "Patents in Suit" means U.S. Patent Nos. 5,675,510; 6,108,637; 6,115,680; 6,763,386; and 6,138,155 collectively.

10.     The term "Accused Products" means Defendant's products and associated modules, services, and/or solutions, including but not limited to, Coremetrics Online Analytics, Live Profile, LIVEview, Management Dashboard, SmartTags, Core Data Platform and ClickStream Reports, alone and/or in combination with one another or with other Coremetrics products and any related products and associated modules, services, and/or solutions; and any products and associated modules, services, and/or solutions, owned, provided, sold, having sold, offered for sale, used, having used, made, and/or having made by Defendant that alone or in combination, perform, implement or enable, the same functionality as the foregoing product(s).  The term Accused Products shall also include any product and associated modules, services, and/or solutions owned, provided, sold, having sold, offered for sale, used, having used, made, and/or having made by Defendant that alone or in combination, performs, implements or enables, any function described in any of the Patents in Suit, whether with respect to a particular element, component or combination thereof or as a whole, and including computer software or hardware and related equipment and each and every release, version, modification and upgrade or revision thereof.

11.     "Action" means the above-captioned action, including NetRatings' claims against Defendant, any of Defendant's counterclaims against NetRatings and the defenses of Defendant or NetRatings against the other.

12.     Additionally, the following terms shall have the meaning set forth below:

    (a)     The term "entity" or entities shall refer to both natural persons or corporate, legal, governmental or other business organizations, partnerships, groups, associations or sole proprietorships, and the "acts" of an "entity" or "entities" are defined to

include the acts of directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf.

(b)    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(c)    The term "thing" has the broadest meaning prescribed by Fed. R. Civ. P. 34, and includes every kind of physical specimen or tangible item, other than a document, that is in your possession, custody or control.

(d)    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(e)    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(f)    The terms "all" and "each" shall be construed as all and each.

(g)    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(h)    The word "any" shall be construed to include the word "all" and the word "all" shall be construed to include the word "any." The word "including" shall mean "including but not limited to."

13.    Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to

which request it is responsive or shall be produces as it is kept in the usual course of business.

14.     Where a claim of privilege is asserted and otherwise responsive information or documents are withheld from production on such basis, you shall identify, at the time of withholding:

    (a)     the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

    (b)     the type of document, e.g. letter or memorandum;

    (c)     the general subject matter of the document;

    (d)     the date of the document;

    (e)     the author of the document;

    (f)     the addressees of the document;

    (g)     any other recipients shown in the document;

    (h)     the relationship of the author, addresses and recipients to each other; and

    (i)     such other information as is sufficient to identify the document.

15.     If any document which is responsive to the requests made herein has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

    (a)     the date, names and subject matter of the document;

    (b)     the name, address, employment and title of each person which prepared, received, reviewed or had custody, possession or control of the document;

    (c)     all persons which knowledge of the contents or any portion of the document;

    (d)     the previous location of the document;

(e)    the date of disposal of the document;

(f)    the reason for disposal or transfer of the document;

(g)    the manner of disposal of the document; and

(h)    the names and addresses of the transferee of the document, if applicable.

## SCHEDULE A

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1

All documents concerning communications between Coremetrics and Brookstone.

### DOCUMENT REQUEST NO. 2

All documents concerning any agreements between Coremetrics and Brookstone.

### DOCUMENT REQUEST NO. 3

All documents concerning any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 4

All documents concerning any products or services provided, sold, licensed or offered for sale by Coremetrics to Brookstone, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 5

All documents concerning Brookstone's use of any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 6

All documents concerning Brookstone's implementation of any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

**DOCUMENT REQUEST NO. 7**

All documents concerning any communications within Brookstone concerning any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

**DOCUMENT REQUEST NO. 8**

All documents concerning payments of monies or other consideration made by Brookstone to Coremetrics.

**DOCUMENT REQUEST NO. 9**

All documents concerning information provided by Coremetrics to Brookstone relating to the behavior of Internet users.

**DOCUMENT REQUEST NO. 10**

All documents concerning information provided by Coremetrics to Brookstone relating to the Web site located at www.brookstone.com.

**DOCUMENT REQUEST NO. 11**

All documents concerning information provided by Brookstone to Coremetrics relating to the Web site located at www.brookstone.com.

**DOCUMENT REQUEST NO. 12**

To the extent not produced in response to Requests 1 through 11 above, all documents concerning Coremetrics.

**DOCUMENT REQUEST NO. 13**

All documents concerning products or services of NetRatings.

**DOCUMENT REQUEST NO. 14**

All documents concerning NetRatings.

**DOCUMENT REQUEST NO. 15**

All documents concerning infringement or alleged infringement of the Patents in

Suit.

**DOCUMENT REQUEST NO. 16**

To the extent not produced in response to Request 15, all documents concerning

the Patents in Suit.

**DOCUMENT REQUEST NO. 17**

All documents concerning the Action.

## SCHEDULE B

## DEPOSITION TOPICS

### TOPIC NO. 1

Communications between Coremetrics and Brookstone.

### TOPIC NO. 2

Agreements between Coremetrics and Brookstone.

### TOPIC NO. 3

Products and services of Coremetrics, including, without limitation, the Accused

Products.

### TOPIC NO. 4

Products and services of Coremetrics provided by Coremetrics to Brookstone.

### TOPIC NO. 5

Brookstone's use of any products or services provided by Coremetrics.

### TOPIC NO. 6

Brookstone's implementation of any products or services provided by

Coremetrics.

### TOPIC NO. 7

Communications within Brookstone concerning products or services of

Coremetrics.

### TOPIC NO. 8

Monies or other consideration paid by Brookstone to Coremetrics.

**TOPIC NO. 9**

Information provided by Coremetrics to Brookstone relating to the behavior of Internet Users.

**TOPIC NO. 10**

Information provided by Coremetrics to Brookstone relating to the Web site located at www.brookstone.com.

**TOPIC NO. 11**

Information provided by Brookstone to Coremetrics relating to the Web site located at www.brookstone.com.

**TOPIC NO. 12**

Coremetrics.

**TOPIC NO. 13**

Products and services of NetRatings.

**TOPIC NO. 14**

NetRatings.

**TOPIC NO. 15**

Infringement and alleged infringement of the Patents in Suit.

**TOPIC NO. 16**

The Patents in Suit.

**TOPIC NO. 17**

The Action.

910309

# TAB 3

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NETRATINGS, INC.,

    Plaintiff,

DISTRICT OF DELAWARE

V.

**SUBPOENA IN A CIVIL CASE**

COREMETRICS, INC.,

    Defendant.

Case Number:[1] 05-cv-314-GMS

TO:  PETCO ANIMAL SUPPLIES, INC.
    c/o Corporation Service Company
    2711 Centerville Road Suite 400
    Wilmington, DE 19808

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP; A list of deposition topics is annexed hereto as Schedule B | May 18, 2006 at 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

A list of documents is annexed hereto as Schedule A

| PLACE Brown Raysman Millstein Felder & Steiner LLP, 900 Third Ave, New York, NY 10022 | DATE AND TIME |
|---|---|
| | May 10, 2006 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Arianna Frankl (JPW)* | April 24, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | Arianna Frankl, Esq., Brown Raysman Millstein Felder & Steiner LLP |
|---|---|
| | Attorneys for NetRatings, Inc. |
| | 900 Third Avenue, NY, New York 10022    212-895-2000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1.  "Petco" "you" or "your" means PETCO Animal Supplies, Inc., its members, principals, partners, associates, employees, agents and all other persons or entities acting on their behalf.

2.  "NetRatings" or "Plaintiff" means NetRatings, Inc., and its officers, directors, members, principals, employees, agents and all other persons or entities acting on its behalf.

3.  "Coremetrics" or "Defendant" means Coremetrics, Inc., and its officers, directors, members, principals, employees, agents and all other persons or entities acting on its behalf.

4.  The term "'510 Patent" means U.S. Patent No. 5,675,510 entitled "COMPUTER USE METER AND ANALYZER," issued on October 7, 1997.

5.  The term "'637 Patent" means U.S. Patent No. 6,108,637 entitled "CONTENT DISPLAY MONITOR," issued on August 22, 2000.

6.  The term "'680 Patent" means U.S. Patent No. 6,115,680 entitled "COMPUTER USE METER AND ANALYZER," issued on September 5, 2000.

7.  The term "'386 Patent" means U.S. Patent No. 6,763,386 entitled "METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER," issued on July 13, 2004.

8.  The term "'155 Patent" means U.S. Patent No. 6,138,155 entitled "METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE," issued on October 24, 2000.

9.   The term "Patents in Suit" means U.S. Patent Nos. 5,675,510; 6,108,637; 6,115,680; 6,763,386; and 6,138,155 collectively.

10.  The term "Accused Products" means Defendant's products and associated modules, services, and/or solutions, including but not limited to, Coremetrics Online Analytics, Live Profile, LIVEview, Management Dashboard, SmartTags, Core Data Platform and ClickStream Reports, alone and/or in combination with one another or with other Coremetrics products and any related products and associated modules, services, and/or solutions; and any products and associated modules, services, and/or solutions, owned, provided, sold, having sold, offered for sale, used, having used, made, and/or having made by Defendant that alone or in combination, perform, implement or enable, the same functionality as the foregoing product(s). The term Accused Products shall also include any product and associated modules, services, and/or solutions owned, provided, sold, having sold, offered for sale, used, having used, made, and/or having made by Defendant that alone or in combination, performs, implements or enables, any function described in any of the Patents in Suit, whether with respect to a particular element, component or combination thereof or as a whole, and including computer software or hardware and related equipment and each and every release, version, modification and upgrade or revision thereof.

11.  "Action" means the above-captioned action, including NetRatings' claims against Defendant, any of Defendant's counterclaims against NetRatings and the defenses of Defendant or NetRatings against the other.

12.  Additionally, the following terms shall have the meaning set forth below:

(a)     The term "entity" or entities shall refer to both natural persons or corporate, legal, governmental or other business organizations, partnerships, groups, associations or sole proprietorships, and the "acts" of an "entity" or "entities" are defined to include the acts of directors, officers, owners, members, employees, consultants, agents, attorneys or any entity acting on the entity's behalf.

(b)     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

(c)     The term "thing" has the broadest meaning prescribed by Fed. R. Civ. P. 34, and includes every kind of physical specimen or tangible item, other than a document, that is in your possession, custody or control.

(d)     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(e)     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(f)     The terms "all" and "each" shall be construed as all and each.

(g)     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(h)     The word "any" shall be construed to include the word "all" and the word "all" shall be construed to include the word "any."  The word "including" shall mean "including but not limited to."

13. Each document produced shall be segregated according to the numbered request to which it is responsive or shall be designated in some other manner sufficient to identify to which request it is responsive or shall be produces as it is kept in the usual course of business.

14. Where a claim of privilege is asserted and otherwise responsive information or documents are withheld from production on such basis, you shall identify, at the time of withholding:

   (a) the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked;

   (b) the type of document, e.g. letter or memorandum;

   (c) the general subject matter of the document;

   (d) the date of the document;

   (e) the author of the document;

   (f) the addressees of the document;

   (g) any other recipients shown in the document;

   (h) the relationship of the author, addresses and recipients to each other; and

   (i) such other information as is sufficient to identify the document.

15. If any document which is responsive to the requests made herein has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, state in writing:

   (a) the date, names and subject matter of the document;

   (b) the name, address, employment and title of each person which prepared, received, reviewed or had custody, possession or control of the document;

(c)     all persons which knowledge of the contents or any portion of the document;

(d)     the previous location of the document;

(e)     the date of disposal of the document;

(f)     the reason for disposal or transfer of the document;

(g)     the manner of disposal of the document; and

(h)     the names and addresses of the transferee of the document, if applicable.

## SCHEDULE A

## DOCUMENTS REQUESTED

### DOCUMENT REQUEST NO. 1

All documents concerning communications between Coremetrics and Petco.

### DOCUMENT REQUEST NO. 2

All documents concerning any agreements between Coremetrics and Petco.

### DOCUMENT REQUEST NO. 3

All documents concerning any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 4

All documents concerning any products or services provided, sold, licensed or offered for sale by Coremetrics to Petco, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 5

All documents concerning Petco's use of any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

### DOCUMENT REQUEST NO. 6

All documents concerning Petco's implementation of any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

**DOCUMENT REQUEST NO. 7**

All documents concerning any communications within Petco concerning any products or services made, used, provided, sold, licensed or offered for sale by Coremetrics, including, without limitation, the Accused Products.

**DOCUMENT REQUEST NO. 8**

All documents concerning payments of monies or other consideration made by Petco to Coremetrics.

**DOCUMENT REQUEST NO. 9**

All documents concerning information provided by Coremetrics to Petco relating to the behavior of Internet users.

**DOCUMENT REQUEST NO. 10**

All documents concerning information provided by Coremetrics to Petco relating to the Web site located at www.petco.com.

**DOCUMENT REQUEST NO. 11**

All documents concerning information provided by Petco to Coremetrics relating to the Web site located at www.petco.com.

**DOCUMENT REQUEST NO. 12**

To the extent not produced in response to Requests 1 through 11 above, all documents concerning Coremetrics.

**DOCUMENT REQUEST NO. 13**

All documents concerning products or services of NetRatings.

**DOCUMENT REQUEST NO. 14**

All documents concerning NetRatings.

**DOCUMENT REQUEST NO. 15**

All documents concerning infringement or alleged infringement of the Patents in Suit.

**DOCUMENT REQUEST NO. 16**

To the extent not produced in response to Request 15, all documents concerning the Patents in Suit.

**DOCUMENT REQUEST NO. 17**

All documents concerning the Action.

**SCHEDULE B**

**DEPOSITION TOPICS**

**TOPIC NO. 1**

Communications between Coremetrics and Petco.

**TOPIC NO. 2**

Agreements between Coremetrics and Petco.

**TOPIC NO. 3**

Products and services of Coremetrics, including, without limitation, the Accused

Products.

**TOPIC NO. 4**

Products and services of Coremetrics provided by Coremetrics to Petco.

**TOPIC NO. 5**

Petco's use of any products or services provided by Coremetrics.

**TOPIC NO. 6**

Petco's implementation of any products or services provided by Coremetrics.

**TOPIC NO. 7**

Communications within Petco concerning products or services of Coremetrics.

**TOPIC NO. 8**

Monies or other consideration paid by Petco to Coremetrics.

**TOPIC NO. 9**

Information provided by Coremetrics to Petco relating to the behavior of Internet

Users.

**TOPIC NO. 10**

Information provided by Coremetrics to Petco relating to the Web site located at www.petco.com.

**TOPIC NO. 11**

Information provided by Petco to Coremetrics relating to the Web site located at www.petco.com.

**TOPIC NO. 12**

Coremetrics.

**TOPIC NO. 13**

Products and services of NetRatings.

**TOPIC NO. 14**

NetRatings.

**TOPIC NO. 15**

Infringement and alleged infringement of the Patents in Suit.

**TOPIC NO. 16**

The Patents in Suit.

**TOPIC NO. 17**

The Action.

910020

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on April 24, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

I further certify that on April 24, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS**

Robert T. Haslam, Esquire
Heller & Ehrman LLP
275 Middlefield Rd.
Menlo Park, CA 94025

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

John W. Shaw (#3362)
Karen E. Keller (# 4489)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600
alundgren@ycst.com

Of Counsel:
BROWN RAYSMAN MILLSTEIN
ELDER & STEINER LLP
Seth H. Ostrow
Frederick L. Whitmer
Arianna Frankl
Steven S. Rubin
900 Third Avenue
New York, New York 10022
(212) 895-2000