# EXHIBIT A



ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JUPITER MEDIA METRIX, INC.,

      Plaintiff/Counterdefendant,

      v.

NETRATINGS, INC. and
NETVALUE USA, INC.,

      Defendants/Counterclaimants.

Civil Action No. 01-193-SLR

## STIPULATION AND PROTECTIVE ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL
Mary B. Graham (#2256)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

OF COUNSEL:
GRAY CARY WARE & FREIDENRICH LLP
James Pooley
Ronald Yin
M. Elizabeth Day
Sal Lim
K. Jun Kim
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 833-2000

      Attorneys for Defendant,
      NETRATINGS, INC.

POTTER ANDERSON & CORROON LLP
Philip A. Rovner (#3215)
1313 North Market Street
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000

OF COUNSEL:
BROBECK, PHLEGER & HARRISON, LLP
Daniel R. Harris
Two Embarcadero Place
2200 Geng Road
Palo Alto, CA 94303
(650) 424-0160

      Attorneys for Plaintiff,
      JUPITER MEDIA METRIX, INC.

ASHBY & GEDDES
Steven J. Balick (#2114)
Steven T. Margolin (#3110)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

OF COUNSEL:
OBLON, SPIVAK, McCLELLAND, MAIER
& NEUSTADT, P.C.
Steven C. Tabackman
Jean-Paul Lavalleye
Bradley Lytle
Michael E. McCabe, Jr.
1755 Jefferson Davis Highway, 4th Floor
Arlington, VA  22202
(703) 413-3000

   Attorneys for Defendant,
   NETVALUE USA, INC.

November 13, 2001

2

### STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, and it appearing that discovery in the above entitled action is likely to involve the disclosure of confidential information, and that the parties, through their counsel of record, have stipulated to the matters herein; and good cause appearing,

IT IS HEREBY ORDERED as follows:

### I.    APPLICABILITY OF PROTECTIVE ORDER

1.    All documents, materials, items, testimony or information designated "Confidential" or "Highly Confidential," regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a party or by a non-party, to or for any of the other parties, shall be governed by this Protective Order and used only for the purposes of this litigation and for not any business, patent prosecution, competitive or governmental purpose or function.

2.    The terms of this Protective Order shall apply to all manner and means of discovery, including without limitation oral testimony, entry onto land or premises, production and/or inspection of books, records, documents and tangible things, and interrogatory responses.

### II.    DESIGNATION OF MATERIALS

### A.    CONFIDENTIAL DESIGNATION

3.    Any documents, discovery responses, materials, items, testimony or information filed with the Court or produced or provided by any party or non-party as part of discovery in this action may be designated by such producing party or non-party as "Confidential." As a general guideline, materials designated "Confidential" shall be those things of a proprietary business or technical nature that might be of value to a party in this action or to a third party as an actual or potential competitor of the producing party or non-party, and that the producing party or non-party reasonably believes should be protected

3

from disclosure to such other party and/or third parties. Absent a specific order by this Court, such information, once designated as "Confidential," shall be used by the persons or entities to whom such information is disclosed solely for purposes of this action, and not for any business, litigation, patent prosecution, competitive or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

4.    Documents, discovery responses, materials, items, testimony or information designated "Confidential" pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons: (a) outside attorneys for the parties in this action, and persons working solely in secretarial, clerical, graphical and paralegal capacities and who are assisting those attorneys in this action, except that any such attorney or agent for Jupiter Media Metrix, NetRatings or NetValue who actually receives or reviews any "Confidential" documents under this protective order shall not thereafter prosecute, supervise or assist in any way in the prosecution of any new patent application on behalf of the party in the case whom they represent, or in any continuation, divisional, renewal, substitute or convention application, whether or not claiming priority from the asserted Jupiter Media Metrix patent or any foreign counterpart thereof, during the pendency of this case and for one year after the conclusion of this litigation; (b) court reporters, videographers and other such persons taking or recording testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (c) those consultants or technical experts and their staffs to the extent cleared by the parties pursuant to the Protective Order; (d) the Court and the Court's staff; (e) the following individuals acting in the role of in-house counsel, and their respective immediate administrative or clerical assistants: For Jupiter Media Metrix: Alan Shapiro; for NetRatings: Jason Gray; for NetValue: Nicolas de Saint Etienne; (f) commercial copy services; and (g) any person to whom the designating party

4

agrees in writing. However, the persons identified in subsections (c), (e), and (g) of this Paragraph shall not be permitted access to materials or information designated "Confidential" unless and until they sign a written acknowledgment substantially in the form attached hereto as Exhibit A, to the effect that they have read this Protective Order and agree to be bound by its terms. Outside counsel of record shall retain copies of all executed acknowledgments.

B.    HIGHLY CONFIDENTIAL DESIGNATION[1]

5.    Certain documents, discovery responses, materials, items, testimony or information may be designated by a party or non-party as "Highly Confidential." Documents, testimony, information and other things designated "Highly Confidential" may be disclosed only to the persons identified in subsections (a) through (d), (f) and (g) of Paragraph 4 of this Protective Order and pursuant to the procedures set forth in Section IV, below. This "Highly Confidential" designation shall be limited to such documents, materials, testimony or information that the designating party believes, in good faith, contain information the disclosure of which may cause harm to the competitive position of the designating party. Examples of such information may include without limitation:

a.    Current and future business plans, including unpublished financial data, pricing information, and sales information that shows profit margins or losses

b.    Product development and design information (for new, old, suspended and abandoned projects)

c.    New business development (for old and new products)

d.    Trade secrets

e.    Proprietary engineering information (not generally available to the public)

f.    Competitor market analyses

g.    Customer lists

h.    Distributor agreements and licenses

i.    Agreements with sales representatives

j.    Business relationships with third parties

---

[1] For the purpose of this Protective Order, the designation "Highly Confidential" shall have the same meaning as the designation "Outside Attorneys' Eyes Only".

k.   Manufacturing processes for products currently offered or under development
l.   Unpublished source code and schematics
m.   Patent applications

It is understood by the parties, however, that documents within the above categories may not, solely by virtue of their falling within a particular category, necessarily need to be marked "Highly Confidential." All documents, testimony, information or other things designated "Highly Confidential" are included within the meaning of "Confidential" information as used in this Protective Order and, except with respect to the clearance procedures specified in Paragraph 7, all of the provisions set forth in this Protective Order that apply to "Confidential" information also apply to materials designated "Highly Confidential."

### III.   HANDLING SOURCE CODE AND RESTRICTED MAGNETIC MEDIA

6.   A party or non-party may specially designate source code and other similar highly sensitive technical materials relating to source code as "Highly Confidential–Restricted Magnetic Media" (hereinafter, "Restricted Magnetic Media"). Such materials shall be subject to all of the provisions of this Protective Order regarding "Highly Confidential" information and shall also be subject to the following additional restrictions on copying and use:

a.   Counsel for the requesting party may not relinquish or transfer possession or control of any particular copy of a producing party's Restricted Magnetic Media to an expert or consultant who has been retained by such counsel for the requesting party to assist in the prosecution, defense or settlement of this action unless all of the following conditions are met:

i.   such expert may not be, and no member of such expert's clerical staff, if any, may be a party to this action or an officer, director, or employee of a party to this action;

6

        ii.     such expert must agree not to accept employment with a party to this action for a period of two years after the final conclusion of this suit (either through settlement or final judgment including appeals and petitions for review), with the exception of employment or retention in said expert's capacity as an expert consultant or expert witness in litigation on behalf of the same party for which said expert has been retained in this action, provided that any expert accepting such employment must not use, disclose, or otherwise access any information beyond the extent permitted and authorized by this Protective Order; and

        iii.     such expert must comply in full with all of the terms of this Protective Order.

        b.     None of the source code of a producing party existing in any medium may be copied by any person acting on behalf of a requesting party, counsel for a requesting party, or an Expert for a requesting party in this action except as expressly permitted by this Protective Order:

        i.     The Restricted Magnetic Media of a producing party may be copied into the hard drive and/or into the RAM of a computer by outside counsel for a requesting party in this action, or a person acting on behalf of such counsel, if and only if, all of the following conditions are met:

        1.     Restricted Magnetic Media may be used by outside counsel and by outside counsel's retained and disclosed consultants, experts, and clerical staff solely for the purposes of this litigation. Said Restricted Magnetic Media is to be kept secure throughout the litigation by means of being stored in encrypted form on the computers where it resides, with such encryption protocol designed to limit access to said Restricted Magnetic Media to those persons designated under this Order as having access to said Restricted Magnetic Media. Any and all transmission of Restricted Magnetic Media shall use public-key encryption to ensure the security of said Restricted Magnetic Media en route; and

7

2.    Any copying of the producing party's Restricted Magnetic Media may only be carried out by persons who are neither parties to this action nor any officer, director, or employee of such parties, and who are either:

(A)    outside counsel of record for any party to this action (including the paralegal, clerical, graphical and secretarial staff employed by such counsel) (collectively. "Counsel"); or

(B)    an expert or consultant (including his or her clerical staff) who has previously satisfied and who continues to satisfy all of the requirements of this Protective Order.

ii.    With the exception of transitory copies created in the RAM or other internal operating circuitry of a computer, a producing party's Restricted Magnetic Media or portions thereof ("Restricted Magnetic Media Excerpts") shall only be copied onto paper or electronic media by outside counsel or a person acting on behalf of such counsel for the purposes of analysis within the scope of this litigation or for creating submissions to the Court or for presentation to the Court at hearings or at trial.  Once having been made, all such copies of a producing party's Restricted Magnetic Media Excerpts shall be marked as "Highly Confidential" in the name of the producing party, and shall only be filed under seal.

iii.    A producing party's Restricted Magnetic Media Excerpts must remain in the direct control of persons satisfying all of the requirements of this Protective Order.

iv.    The individuals identified in Paragraph 4 (e) of this Order shall not be permitted access to such materials.

v.    Outside consultants and experts who receive such materials must keep them stored in a secure location to which they and their employees alone have access.

c.    Within 30 days of the conclusion of the litigation:

8

i.    The Restricted Magnetic Media must be returned to the producing party.

ii.    Each person who had access to the Restricted Magnetic Media pursuant to Section III of this Protective Order must sign a declaration that shall be sent to the producing party certifying that:

1.    To the best of that person's knowledge, the Restricted Magnetic Media had been returned to the producing party; and

2.    Every copy, whether whole or partial, of the Restricted Magnetic Media and Restricted Magnetic Media Excerpts has been deleted in its entirety or has been rendered inaccessible and non-recoverable.

iii.    Notwithstanding the provisions set forth above, outside counsel may retain for archive purposes one (1) magnetic and one (1) paper copy of all pleadings exchanged by the parties or filed with the Court that contain Restricted Magnetic Media Excerpts.

d.    A producing party's Restricted Magnetic Media and Restricted Magnetic Media Excerpts may not be disclosed by outside counsel for a requesting party or otherwise made available to anyone other than the Court, persons satisfying all of the requirements of this Protective Order, commercial copy services, and court reporters and videographers employed in this action who are neither a party to this action nor an officer, director, or employee of a party to this action, unless authorized by a prior order of the Court or the prior written approval of counsel for the producing party (collectively, "Persons Authorized To View Magnetic Media"). Nothing herein shall preclude however, a requesting party from appropriately using Restricted Magnetic Media or Restricted Magnetic Media Excerpts at the deposition of an officer or employee of the producing party, a Rule 30(b)(6) deposition of the producing party and the deposition of an approved expert witness or consultant.

9

## IV.    PROCEDURE FOR PROVIDING CONFIDENTIAL INFORMATION TO AUTHORIZED RECIPIENTS

7.    The procedure for providing information designated "Confidential" or "Highly Confidential" to the persons described in Paragraph 4(c) shall be as follows:

a.    The party seeking to disclose such information to its consultants or experts shall, at least seven (7) business days prior to such disclosure, provide by facsimile to each party and third party who has designated the particular material or information "Confidential" or "Highly Confidential":

i.    The name of the person;

ii.    The present employer and title of the person;

iii.    A copy of a signed, written acknowledgment by the person that he/she has read this Protective Order and agrees to be bound by its terms, in the form attached in Exhibit A; and

iv.    For technical experts and consultants, a current *curriculum vitae* disclosing the expert or consultant's employment history.

b.    Within seven (7) business days of receipt of the information and written acknowledgment described in Paragraph 7(a), the producing party or non-party may object to the disclosure of "Confidential" or "Highly Confidential" information to the proposed recipient by serving a written objection by fax and mail. The parties shall meet and confer to try to resolve the objection. In the event that the parties are unable to do so, the objecting party may file a motion that disclosure not be permitted. Unless otherwise directed by the Court, said motion shall be filed by means of letter briefs not to exceed five (5) pages, and shall be heard telephonically, on the earliest date available. Such motion *must* be filed and served by fax within seven (7) business days of the conclusion of the meet and confer process, unless otherwise permitted by order of the Court; otherwise the objection is deemed waived. No disclosure may be made pending the parties' resolution of the objection or the Court's ruling on the objection.

10

### V.    PROCEDURE FOR DESIGNATING MATERIALS PRODUCED

8.     Any party or non-party wishing to invoke the provisions of this Protective Order shall designate any documents, discovery responses, materials, items or information, or portions thereof, that he, she or it considers confidential at the time such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected. With respect to documents, the items produced must be marked or stamped "Confidential" or "Highly Confidential" on all pages by the producing party or non-party. In the case of information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible. If it is not possible to so stamp such electronic media, such records may be produced in a sealed envelope or other suitable enclosure that in turn is appropriately marked.

### VI.    DEPOSITION TESTIMONY\COURT FILINGS

9.     Parties (and deponents) may, at any time during the deposition or within ten (10) days after receipt of the deposition transcript, designate portions of the testimony for protection under this Protective Order. Pending expiration of this designation period, the entire deposition transcript (with the exception of the exhibits to the transcript, discussed *infra*) shall be treated as "Highly Confidential." Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. Information within the deposition transcript shall be designated by marking the pages containing such information either "Confidential" or "Highly Confidential" and forwarding copies of these pages to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript.

10.     If no party or deponent timely designates information in a deposition, then none of the transcript (with the exception of the exhibits) will be treated as protected as "Confidential" or "Highly Confidential" under this Order, with the exception

11

of any exhibits to the deposition that were previously designated pursuant to this Protective Order and for which such designation has not been lifted by Court order or agreement of the producing party or non-party.

11.    A deponent who is not a party or a representative of a party shall be furnished a copy of this Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear.

12.    If any information designated pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such information shall be sealed and stamped with the appropriate designation, and access thereto shall be limited pursuant to the other terms of this Protective Order.

13.    Any individual, such as a deposition witness, trial witness, or potential witness, may be shown by an attorney designated materials bound by this Protective Order under the following conditions:

a.    If the individual is identified as having been a signatory, author, addressee or recipient of a copy of the document prior to its production in this litigation or is a 30(b)(6) designee of an organization or entity that is the signatory, author, addressee or recipient of the document prior to its production;

b.    If the individual is a current officer, director or employee of a party or non-party and the document has been designated as "Confidential" or "Highly Confidential" by that party or non-party;

c.    If the individual is a witness designated by a party or non-party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the document has been designated as "Confidential" or "Highly Confidential" by that party or the non-party;

d.    If the individual is a former officer, director or employee of a party and the document has been designated as "Confidential" or "Highly Confidential" by that party *and* if it appears from the face of the document that the individual previously had

12

access to the document or the information it contains while employed by the party, or if such other proof of the same can be shown to the reasonable satisfaction of the producing party's counsel of record at the deposition, or if such counsel otherwise agrees; or

        e.      If the individual is a testifying expert or consultant for a party and has complied with all of the provisions of this Protective Order.

        14.      Nothing herein shall restrict the use by a party of its own "Confidential" or "Highly Confidential" documents, information or other materials. Under no circumstances, however, shall the use of such designated materials by such producing party during a deposition or trial constitute a waiver of the designated status of the materials.

        15.      Any document, thing or information that has been designated as "Confidential" or "Highly Confidential" and that is included with, or the contents are in any way disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of the Court shall be filed in sealed envelopes prominently marked with the notation:

CONFIDENTIAL INFORMATION
(or HIGHLY CONFIDENTIAL INFORMATION)
SUBJECT TO PROTECTIVE ORDER
Case No. 01-193-SLR

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED,
COPIED OR REVEALED EXCEPT BY COURT ORDER OR BY WRITTEN
AGREEMENT OF THE PARTIES.

**VII.    INADVERTENT DISCLOSURE OF PRVILEGED INFORMATION OR DOCUMENTS**

        16.      If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, attorney work immunity, a legal prohibition against disclosure or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure upon learning of the disclosure. The

13

parties reserve all rights to seek the return of or destruction of all such information and anything relating to such information (including without limitation notes of work product), and to preclude the further use or disclosure thereof. Upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and until any issue of how to treat such information is resolved (for example, by Court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. The party claiming inadvertent disclosure shall pay for the cost of returning and destroying such documents and things. The party claiming inadvertent disclosure shall also list the inadvertently disclosed information on a privilege log, including the Bates numbers assigned to the documents when produced.

## VIII. INADVERTENT FAILURE TO DESIGNATE AND/OR INADVERTENT DISCLOSURE

17.    A producing party or non-party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the producing party shall return to outside counsel or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the misdesignated documents.

18.    In the event that information designated pursuant to this Protective Order is disclosed to any person not authorized by this Protective Order to receive the information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, and without

14

prejudice to other rights and remedies of the producing party, shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

## IX.    DECLASSIFICATION OF CONFIDENTIALITY DESIGNATIONS

19.    The parties acknowledge that it may be impractical to currently assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by a party or non-party in the course of this litigation.  Therefore, if a party wishes to challenge the "Confidential" or "Highly Confidential" status of any such information, the party shall in good faith narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate. The party or producing entity who designated the information at issue shall, within five (5) business days after receiving the party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the requesting party of its determination.

20.    If, at any stage of these proceedings, and after utilizing the procedure set forth in Paragraph 19 above, the parties and/or producing entity cannot agree on whether certain information should be declassified, they should first attempt to resolve such dispute in good faith on an informal basis (without assistance from the Court).  If informal resolution of the matter is not effective, at any time during the pendency or trial of this action, counsel for any party or producing entity who claims that information is not appropriately designated may serve a captioned notice of objection on all parties and other affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item.  If the designating party does not redesignate the material within five (5) business days after service of such objections, the objecting party may file and serve a motion for an order that the material be redesignated.

15

21.    The parties shall not be obligated to challenge the propriety of any designation of information as "Confidential" or "Highly Confidential" at the time such information is produced or so designated, or thereafter.  As such, any failure to request declassification of such information shall not operate as an acquiescence in such designation or a waiver of a party's right to request later declassification of such information.

## X.    USE OF CONFIDENTIAL INFORMATION AT HEARING OR TRIAL

22.    Counsel of record shall refrain from referring in open court to any information designed "Confidential" or "Highly Confidential," except under such conditions and safeguards that the Court employs to protect against disclosure of such confidential information.  Such conditions and safeguards may include, but are not limited to, *in camera* proceedings in chambers or proceedings where the courtroom is closed to the general public.  Such confidential information may be referred to or offered in evidence at trial only after first providing notice reasonable under the circumstances to the Court and to the producing party or producing entity of the intended disclosure of such confidential information.  The Court, either through its own initiative or after motion of the party or producing entity claiming such confidential treatment, may subject such confidential information to further protections, including, but not limited to, *in camera* proceedings in chambers or conducting proceedings closed to the general public.  Nothing herein shall operate as a waiver or relinquishment of a "Confidential" or "Highly Confidential" designation, should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.

## XI.    MISCELLANEOUS

23.    Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to

16

this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

24.     Within 30 days after the final conclusion of this suit (either through settlement or final judgment including appeals and petitions for review), all persons, including experts, client representatives and outside counsel of record (except the Court and its personnel) shall destroy or return to the respective party or producing entity claiming confidentiality, the original and all copies of each document, transcript, and/or other things or materials embodying "Confidential" and "Highly Confidential" information and comply with the provisions of this Protective Order pertaining to the return of Restricted Magnetic Media.  As used in this Protective Order, documents, transcripts, and/or other things or materials embodying confidential information also include subsequent notes, summaries, digests and machine readable embodiments of such confidential information.  However, each party may retain one archival copy of each deposition or hearing transcript to which it is allowed under this Order, and each party's counsel of record may retain one complete set of pleadings; deposition transcripts and their exhibits; and trial transcripts and their exhibits.  Nothing herein shall act as a waiver of the attorney-client privilege or waiver of the protection of the work product doctrine.

25.     The terms of this Protective Order shall survive termination of this action.

26.     This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its terms.

27.     This Order shall not be deemed (a) a waiver of any party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any party's right to object to the admission of evidence on any ground; (d) a waiver of any party's or producing entity's right to use its own documents,

17

testimony, transcripts, and/or other materials or things within its own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

28.    Nothing in this Order precludes any party or producing entity from seeking a further Protective Order for any particularly sensitive information as to which such party or producing entity believes this Protective Order insufficiently protects. Nothing in this Protective Order precludes any party or producing entity from seeking relief as to this Protective Order or portions thereof for good cause shown. All parties are subject to the continuing jurisdiction of this Court to modify and interpret this Order.

29.    Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any "Confidential" information or "Highly Confidential" information, provided counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

30.    If a third party, another court or an administrative agency subpoenas or orders production of documents or information designated for protection under this Protective Order which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document of the pendency of such subpoena or order.

18

**IT IS SO STIPULATED.**

MORRIS, NICHOLS, ARSHT & TUNNELL

*Mary B. Graham*

Mary B. Graham (#2256)
Rodger D. Smith (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
    Attorneys for Defendant,
    NETRATINGS, INC.

POTTER ANDERSON & CORROON LLP

*PVC i ~*

Philip A. Rovner (#3215)
1313 North Market Street
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
    Attorneys for Plaintiff,
    JUPITER MEDIA METRIX, INC.

ASHBY & GEDDES

*Steven A. Balick*

Steven J. Balick (#2114)
Steven T. Margolin (#3110)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
    Attorneys for Defendant,
    NETVALUE USA, INC.

IT IS SO ORDERED this _27th_ day of November, 2001

*Sue L. Robinson*

Sue L. Robinson, Chief Judge

19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JUPITER MEDIA METRIX, INC.,

      Plaintiff/Counterdefendant,

      v.

NETRATINGS, INC.
and NETVALUE USA, INC.,

      Defendants/Counterclaimants.

Civil Action No.  01-193-SLR

## CONSENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the STIPULATION AND PROTECTIVE ORDER ("Protective Order") in this action, understand its terms and agree to be bound by them, and voluntarily submit to the jurisdiction of the United States District Court for the District of Delaware for the purposes of the enforcement of the terms and conditions of this Protective Order.  I acknowledge that I will treat all information I receive in this action, including without limitation "Confidential," "Highly Confidential," and/or "Highly Confidential Only: Restricted Magnetic Media" strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____

Address:

_____
Signature

_____
Print Name

20

256061