IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETRATINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-314-GMS |
| | ) |
| COREMETRICS, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED NOTICE OF DEPOSITION OF SAN FRANCISCO SYMPHONY

PLEASE TAKE NOTICE that, pursuant to Rules 26, 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Defendant Coremetrics, Inc. ("Coremetrics"), through its counsel, will take the deposition by oral examination of San Francisco Symphony, concerning the topics set forth in Schedule A attached hereto, which shall be interpreted in according with the definitions set forth therein. San Francisco Symphony is hereby instructed to designate and identify the witnesses necessary to testify on its behalf for each such topic.

Deponent will be deposed at the offices of Heller Ehrman, LLP, 275 Middlefield Road, Menlo Park, CA 94025, or such other place as may be agreed upon in writing by the parties. The deposition will commence on June 21, 2006 at 9:00 a.m. and continuing until completed. The examination shall be conducted before an officer or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and the testimony at the deposition will be recorded by videographic and stenographic means.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Coremetrics, Inc.*

*Of Counsel:*

Robert T. Haslam
Nitin Subhedar
Bhanu K. Sadasivan
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Telephone: (650) 324-7000
Facsimile: (650) 324-0638

Matthew C. Lapple
HELLER EHRMAN LLP
4350 La Jolla Drive, 7th Floor
San Diego, CA 92121
Telephone: (858) 450-8400
Facsimile: (858) 450-8999

Dated: June 9, 2006
170312.1

## **DEFINITIONS**

The following words and phrases are defined and used herein as follows:

1. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or a non-identical copy is a separate document within the meaning of this term.

2. The term "PERSON" means any individual or individuals or business entity or entities, including but not limited to corporations, partnerships, associations or business trusts.

3. The term "RELATED TO" and "RELATING TO" means comprising, constituting, reflecting, respecting, concerning, referring to, stating, describing, recording, noting, embodying, containing, evidencing, mentioning, studying, analyzing, discussing or evaluating.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and *vice versa*.

6. The terms "INCLUDE" and "INCLUDING" shall always be construed to mean "without limitation," so as to acquire the broadest possible meaning.

7. The term "ALL" shall be construed as meaning every, all and each, and the term "each" shall be construed as meaning every, all and each.

8. The term "NETRATINGS" mean Plaintiff NetRatings, Inc., its predecessors and successors, its past and present parents, parents of parents, subsidiaries, subsidiaries of subsidiaries, divisions, affiliates in which it owns a majority or a controlling interest, other organizational or operating units, and its directors, officers, employees, agents or representatives, attorneys, consultants, contractors, and subcontractors, and ALL PERSONS acting or purporting to act on its behalf for any purpose whatsoever.

9. The pronouns "YOU" and "YOUR" mean San Francisco Symphony, its predecessors and successors, its past and present parents, parents of parents, subsidiaries, subsidiaries of subsidiaries, divisions, affiliates in which it owns a majority or a controlling interest, other organizational or operating units, and its directors, officers, employees, agents or representatives, attorneys, consultants, contractors, and subcontractors, and ALL PERSONS acting or purporting to act on its behalf for any purpose whatsoever.

10. The term "COMMUNICATION" means all written and oral inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, postcards, notes, telegrams, advertisements, computer messages, e-mail messages, voice-mail messages, and all other documents evidencing any verbal or nonverbal interaction between two or more PERSONS.

11. The term "PATENTS-IN-SUIT" means U.S. Patent Nos. 5,675,510; 6,115,680; 6,108,637; 6,763,386; 6,138,155. The term "PATENTS-IN-SUIT" means any one of these patents.

12. The term "COREMETRICS" means Defendant Coremetrics, Inc.

## GENERAL INSTRUCTIONS

1. EACH DOCUMENT must be produced in a form that renders it susceptible to copying.

2. EACH DOCUMENT should be segregated and identified by the request to which it is primarily responsive.

3. If, after conducting a reasonable search, YOU are unable to comply fully with any request herein, state that this is the case, provide a detailed explanation as to why full compliance is not possible, identify the DOCUMENTS and THINGS that cannot be produced, explain why the DOCUMENTS and THINGS cannot be produced, identify the efforts made to produce the DOCUMENTS and THINGS, and explain, to the extent known, when the DOCUMENTS and

THINGS will become available for production.

4.  All requests herein are directed to those DOCUMENTS that are within YOUR possession, custody or control, or within the possession, custody or control of YOUR agents, servants and employees and your attorneys. All requests herein are also directed to those firms, corporations, partnerships, or trusts that YOU control and to DOCUMENTS in the possession, custody or control of employees, agents and representatives of such entities.

5.  If any DOCUMENT called for is not available or accessible, is no longer in existence, or is withheld under a claim or privilege of protection against discovery, give the following information for that DOCUMENT:

    a) The name and title of the author(s);

    b) The name and title of each person to whom the DOCUMENT was addressed;

    c) The name and title of each person to whom a copy of the DOCUMENT was sent, directed, circulated, or distributed;

    d) The DATE of the DOCUMENT;

    e) The number of pages;

    f) A brief description of the nature and subject matter of the DOCUMENT;

    g) The request or paragraph(s) of the request to which the DOCUMENT is responsive;

    h) The name of each person now in possession of the DOCUMENT or any identical or non-identical copy;

    i) The basis of the claim, privilege or protection against discovery (if applicable);

    j) The reasons why the DOCUMENT is not available or accessible (if applicable); and

    k) The reason why the DOCUMENT is no longer in existence (if applicable).

## SCHEDULE A

## DOCUMENTS REQUESTED

**Document Request No. 1:**

ALL DOCUMENTS RELATING TO any products or services made, used, provided, sold, licensed or offered for sale by NETRATINGS.

**Document Request No. 2:**

ALL DOCUMENTS RELATING TO any products or services provided, sold, licensed or offered for sale by NETRATINGS to you.

**Document Request No. 3:**

ALL DOCUMENTS RELATING TO the operation, structure and source code of any NETRATINGS' product or service that NETRATINGS alleges practices the alleged invention claimed in any of the PATENTS-IN-SUIT.

**Document Request No. 4:**

ALL DOCUMENTS RELATING TO YOUR use of any products or services made, used, provided, sold, licensed or offered for sale by NETRATINGS.

**Document Request No. 5:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS regarding NETRATINGS' products or services.

**Document Request No. 6:**

ALL DOCUMENTS RELATING TO COMMUNICATIONS between YOU and NETRATINGS.

**Document Request No. 7:**

ALL DOCUMENTS RELATING TO pricing of NETRATINGS' products and services.

**Document Request No. 8:**

ALL DOCUMENTS RELATING TO payments of monies or other consideration made by YOU to NETRATINGS.

**Document Request No. 9:**

ALL DOCUMENTS RELATING TO information provided by NETRATINGS to YOU RELATING TO the behavior of Internet users.

**Document Request No. 10:**

ALL DOCUMENTS RELATING TO any agreements between YOU and NETRATINGS.

**Document Request No. 11:**

ALL DOCUMENTS RELATING TO information provided by NETRATINGS to YOU RELATING TO YOUR website.

**Document Request No. 12:**

ALL DOCUMENTS RELATING TO information provided by YOU to NETRATINGS RELATING TO YOUR website.

**Document Request No. 13:**

ALL DOCUMENTS RELATING TO COREMETICS, including without limitations COREMETRICS' products and services.

**Document Request No. 14:**

ALL DOCUMENTS RELATING TO NETRATINGS.

**Document Request No. 15:**

ALL DOCUMENTS RELATING TO PATENTS-IN-SUIT

**Document Request No. 16:**

ALL DOCUMENTS RELATING TO the Action.

**Document Request No. 17:**

ALL DOCUMENTS RELATING TO purchase of NETRATINGS' products and services.

**Document Request No. 18:**

ALL DOCUMENTS RELATING TO the market for NETRATINGS' products and services.

7

**Document Request No. 19:**

ALL DOCUMENTS RELATING TO the market for COREMETRICS' products and services.

# SCHEDULE B

# DEPOSITION TOPICS

**Topic No. 1:**

    NETRATINGS' products and services.

**Topic No. 2:**

    NETRATINGS' products and services provided to YOU

**Topic No. 3:**

    The operation, structure and source code of any NETRATINGS' product or service that NETRATINGS alleges practices the alleged invention claimed in any of the PATENTS-IN-SUIT.

**Topic No. 4:**

    Agreements between YOU and NETRATINGS.

**Topic No. 5:**

    COMMUNICATIONS between YOU and NETRATINGS.

**Topic No. 6:**

    Information provided to YOU by NETRATINGS

**Topic No. 7:**

    Purchase of NETRATINGS' products and services

**Topic No. 8:**

    Pricing of NETRATINGS' products and services

**Topic No. 9:**

    COREMETRICS

**Topic No. 10:**

    The PATENTS-IN-SUIT.

**Topic No. 11:**

    The Action.

**Topic No. 12:**

Monies or other consideration paid by YOU to NETRATINGS.

**Topic No. 13:**

Information provided to NETRATINGS by YOU.

**Topic No. 14:**

NETRATINGS

**Topic No. 15:**

Market for NETRATINGS' products and services.

**Topic No. 16:**

Market for COREMETRICS products and services

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2006, the attached **AMENDED NOTICE OF DEPOSITION OF SAN FRANCISCO SYMPHONY** was served upon the below-named defendants at the address and in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Young Conaway Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | HAND DELIVERY |
| Frederick L. Whitmer, Esquire<br>Brown Raysman Millstein Felder & Steiner LLP<br>900 Third Avenue<br>New York, NY 10022 | VIA FEDERAL EXPRESS |

/s/ *John G. Day*
_____
John G. Day