# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 2, 2006

VIA ELECTRONIC FILING

<u>**REDACTED PUBLIC VERSION**</u>

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    NetRatings, Inc. v. Coremetrics, Inc.
             C.A. No. 05-314-GMS

Dear Judge Sleet:

     Pursuant to the Court's Scheduling Order dated October 12, 2005, defendant Coremetrics, Inc. ("Coremetrics") requests permission to file and brief motions for summary judgment or summary adjudication on the following points:

- That Coremetrics does not infringe -- literally or under the Doctrine of Equivalents -- any asserted claim of the '510 or '680 patents, because the Coremetrics product does not include a "log," nor is the Coremetrics product "installed" on any end-user's personal computer, as required by the claims.

- That Coremetrics does not infringe -- literally or under the Doctrine of Equivalents -- any asserted claim of the '155 patent, first because
**REDACTED**
. Thus, the Coremetrics product cannot meet the claim limitation that requires that an "executable program" be downloaded to the end-user's computer from a *different* server than the server from which the "resource" is downloaded. Second, Coremetrics does not infringe any asserted claim of the '155 patent -- literally or under the Doctrine of Equivalents -- because the **REDACTED** do not "monitor" the use of a resource.

- That Coremetrics does not infringe any asserted claim of the '386 patent -- literally or under the Doctrine of Equivalents -- because the **REDACTED** do not observe and record occurrences *over time*. Accordingly, these Coremetrics components do not perform any "tracking," nor do they "monitor" interaction between the user and downloaded resources, as required by the claims.

The Honorable Gregory M. Sleet
June 2, 2006
Page 2

- That the '637 patent is invalid for failure to comply with 35 U.S.C. §112, in that all of the asserted claims are indefinite and not enabled. Specifically, all claims in which the term "characteristic" is used are indefinite, and the patent specification fails to explain or identify the algorithm necessary to constitute a corresponding structure for the claims governed by 35 U.S.C. §112(6) -- thus rendering these claims both indefinite and not enabled.

- That Coremetrics has not directly infringed any of the patents-in-suit, because Coremetrics does not perform all of the steps in any claimed method or provide any system that includes all of the elements of the claimed systems.

**Coremetrics Does Not Infringe the '510 or '680 Patents**

Coremetrics does not infringe any asserted claim of either the '510 patent or the '680 patent -- either literally or under the Doctrine of Equivalents -- for at least two reasons.

First, there is nothing in the Coremetrics product that meets the definition of a "log of predetermined machine operation events" or a "log of predetermined events," when those terms are properly construed. As explained in Coremetrics' Markman briefing, each of these terms must include the concepts of: (a) a file stored on a user's hard drive; (b) that contains multiple time-sequential entries for "predetermined [machine operation] events"; (c) where each entry contains two or more attributes of the associated event. The Coremetrics product simply does not meet these requirements.

The Coremetrics product (known as "Online Analytics") allows a commercial website owner to include       **REDACTED**
Then, when an end-user visits a page on that website




**REDACTED**


                                    Thus, the Coremetrics' product does not meet the claim limitation that the "use meter" must include a "log of predetermined machine operation events," as it appears in each of the '510 patent claims, or a "log of predetermined events," as it appears in each of the '680 patent claims.

Second, the Coremetrics product does not meet the claim limitation that appears in many of the asserted '510 / '680 patent claims that the "use meter" be "installed" on the user's computer. As explained in Coremetrics' Markman briefing, this term should be construed as "resident on the hard drive of, and ready for execution by, the computer." Even assuming *arguendo* that the                                              could be interpreted to be a "use meter" (which they cannot),       **REDACTED**

The Honorable Gregory M. Sleet
June 2, 2006
Page 3

**REDACTED**

Thus, the Coremetrics' product does not meet the "installed" claim limitation. Based on these and other arguments, Coremetrics does not infringe either the '510 or '680 patents.

### Coremetrics Does Not Infringe the '155 Patent

All asserted claims of the '155 patent require that a "resource" (such as a web page) be downloaded from a first server, that an "executable program" be downloaded from a second server, and that the first server and second server comprise two different servers. Specifically, claim 1, one of the four independent claims, states in part:

> 1. In a network having one or more servers connectable to one or more clients, a method of monitoring use by a first client of **a resource located on a first server** and downloaded to the first client, the method comprising:
>
> **downloading from a second server to the first client an executable program** to monitor use of the resource and generate date representing use of the resource by the first client, **the first server and second server comprising two servers** and the executable program not being part of the resource...."

(emphasis added). The three remaining independent claims also have similarly restrictive language.

Coremetrics does not infringe the asserted claims in the '155 patent -- literally or under the Doctrine of Equivalents -- because   **REDACTED**
That is, even assuming *arguendo* that the Coremetrics   **REDACTED**
(which they cannot),                             **REDACTED**
Even NetRatings acknowledges as much in its responses to Coremetrics' Second Set of Interrogatories, claiming that Coremetrics' products
**REDACTED**        (emphasis added).              **REDACTED**
                                                                                            As such, the Coremetrics product does not meet the '155 patent claim requirement that the resource and the "executable program" be located on separate servers.

Coremetrics also does not infringe the asserted claims in the '155 patent -- literally or under the Doctrine of Equivalents -- because all of the asserted claims of the '155 patent require an "executable program" to "*monitor*" use of a resource, requiring observation of that use *over time*. The Coremetrics                    **REDACTED**

The Honorable Gregory M. Sleet
June 2, 2006
Page 4

**REDACTED**

. In short, the do not observe use of a resource *over time*. Accordingly, these Coremetrics components cannot satisfy the "monitor" limitation of the '155 patent claims. Based on these and other arguments, Coremetrics does not infringe the '155 patent.

### Coremetrics Does Not Infringe the '386 Patent

All of the asserted claims of the '386 patent require a "*tracking* program" that, when properly construed, observes and records selected occurrences *over time*. Similarly, all of the claims require that the "tracking program" execute on the end-user's computer to "*monitor*" interaction between the user and downloaded resources, again requiring observation *over time*. In other words, the "tracking program" must run on the end-user's computer and observe multiple actions that the user takes over a period of time. The Coremetrics' product does not meet these claim limitations. The

**REDACTED**

In short, the do not run on the end-user's computer for the purpose of observing and recording data *over time*. Accordingly, these Coremetrics components cannot qualify as a "*tracking*" program, nor do they satisfy the "monitor" limitation of the claims. Based on these and other arguments, Coremetrics does not infringe the '386 patent.

### The '637 Patent Is Indefinite and Non-Enabled

All of the asserted claims of the '637 patent are invalid because they are indefinite and not enabled. In its claim construction briefs, Coremetrics has already provided an extensive discussion regarding why the term "characteristic of a content display" is indefinite. In that same briefing, Coremetrics has explained that the '637 patent claims, all of which must be construed pursuant to 35 U.S.C. § 112(6), have no corresponding structure disclosed in the patent specification. Namely, the '637 patent never explains what the algorithm is that the computer program is supposed to implement. At best, the '637 patent discloses that the "monitoring instructions" of the invention must be part of an unexplained Java Applet, but never says what needs to go into the Java Applet so that it can carry out the functions described in the patent. As a result, one of ordinary skill in the art would not know either how to perform the functions that the patent identifies, or what the scope of the patent claims are intended to be. Thus, all of the claims are indefinite and not enabled.

### There Is No Direct Infringement of Any Patent-In-Suit

NetRatings cannot prove direct infringement under 35 U.S.C. § 271(a) by Coremetrics of any asserted patent claim, because, in every instance, the claimed method or system includes

The Honorable Gregory M. Sleet
June 2, 2006
Page 5

steps that are performed by, or components that are provided by, third parties. The Patent Act sets forth two general ways to infringe a patent: direct infringement under Section 271(a) and indirect infringement under Section 271(b) (inducing infringement) and Section 271(c) (contributory infringement).

The claims of the patents-in-suit require structures located at, or method steps performed at, a variety of sites, including the end-user's computer, the server on which a given website is located, and the server at which certain data is centrally collected. Even if NetRatings were able to prove that all of the elements of a given claim are met by a system or method in which Coremetrics has some part (which it cannot), there is no way for NetRatings to prove that *all* of the elements of any claim are satisfied by Coremetrics itself. In every instance, NetRatings will be required to address the structures provided or actions taken by third parties, such as Coremetrics' customers and the end-users who look at web pages. As such, NetRatings cannot prove that Coremetrics has committed direct infringement under 35 U.S.C. § 271(a) and is left, at most, with trying to prove indirect infringement.

### Conclusion

Accordingly, Coremetrics requests permission to file motions for summary judgment on the five points presented above.

                                        Respectfully,

                                        /s/ *Tiffany Geyer Lydon*

                                        Tiffany Geyer Lydon

cc:    Clerk of the Court (via electronic filing)
        Josy W. Ingersoll, Esq. (via hand delivery)
        Arianna Frankl, Esq. (via electronic mail)

170142.1