# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 9, 2006

VIA ELECTRONIC FILING

REDACTED PUBLIC VERSION

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    NetRatings, Inc. v. Coremetrics, Inc.
            C.A. No. 05-314-GMS

Dear Judge Sleet:

    Pursuant to the Court's Scheduling Order dated October 12, 2005 (D.I. 16), defendant Coremetrics, Inc. ("Coremetrics") files this letter brief in response to NetRatings, Inc.'s ("NetRatings") request for leave to file motion for summary judgment. Coremetrics respectfully requests this Court to deny NetRatings' request for leave to file motion for summary judgment as to any of the claims of the five asserted patents[1] for the following reasons:

- The two specific summary judgment motions that NetRatings identifies in its Opening Summary Judgment Letter Brief ("Opening Letter Brief") -- as to claim 30 of the '637 patent, and claim 1 of the '386 patent -- are premised on erroneous claim constructions. Under the proper constructions, NetRatings cannot prevail on summary judgment.

- Even under NetRatings' erroneous claim constructions, NetRatings' proposed motions for summary judgment cannot succeed. Claim 30 of the '637 patent and claim 1 of the '386 patent require "monitoring" -- of "the display of content" in the former, and the interaction with at least two "resources" in the latter. The plain and ordinary meaning of the term "monitor" is to observe *over time*, and the Coremetrics **REDACTED** do not meet this requirement. Furthermore, NetRatings' claim charts contain several material misstatements of fact.

---

[1] NetRatings has asserted five patents in this litigation -- U.S. Patent No. 5,675,510 ("the '510 patent); U.S. Patent No. 6,115,680 ("the '680 patent"); U.S. Patent No. 6,138,155 ("the '155 patent"); U.S. Patent No. 6,763,386 ("the '386 patent"); U.S. Patent No. 6,108,637 ("the '637 patent").

The Honorable Gregory M. Sleet
June 2, 2006
Page 2

- The arguments that NetRatings offers for its proposed motion regarding claim 1 of the '637 patent are facially deficient, in that NetRatings fails to compare whatever structures may be disclosed in the '637 patent as corresponding to the "means plus function" claim elements against the structures found in Coremetrics products. Because proving that the structures in the accused product are identical or equivalent to any structures found in the patent is a necessary step in analyzing infringement of a claim governed by 35 U.S.C. § 112(6), NetRatings' motion fails.

- The arguments that NetRatings offers as to claim 30 of the '637 patent and claim 1 of the '386 patent do not establish direct infringement, and are insufficient to demonstrate indirect infringement. Accordingly, NetRatings' summary judgment motions cannot succeed.

- NetRatings provides arguments in its Opening Letter Brief only as to claim 30 of the '637 patent and claim 1 of the '386 patent. Therefore, NetRatings should not be permitted to file summary judgment motions as to claims, issues or patents not addressed in its brief.

**NetRatings' summary judgment motions are entirely dependent on an incorrect claim construction, and a proper claim construction precludes summary judgment in NetRatings' favor.**

The summary judgment motions that NetRatings proposes with regard to claim 30 of the '637 patent and claim 1 of the '386 patent depend critically on the adoption of erroneous claim constructions. That is, if the proper claim constructions are applied instead, the motions necessarily fail.

For example, Coremetrics submits that the only correct interpretation of the term "tracking program" as used in claim 1 of the '386 patent requires that the program observe multiple actions that the user takes *over time*. Furthermore, Coremetrics believes that the only defensible definition for the phrase "interaction with at least one of the first resource and one or more second resources" is interaction with at least two distinct resources. The Coremetrics product does not meet these limitations. The Coremetrics

**REDACTED**

does *not* monitor actions over time or interactions across two distinct resources. There are other examples as well, but the critical point is that adoption of the correct claim construction precludes summary judgment in NetRatings' favor.

Similarly, Coremetrics contends that -- at best -- the *only* structure even arguably disclosed in the '637 patent as corresponding to the "means plus function" elements found in claim 30 is an unexplained Java applet. In order to establish infringement of a claim drafted in "means plus function" language, it is necessary to compare the corresponding structures

The Honorable Gregory M. Sleet
June 2, 2006
Page 3

disclosed in the patent specification with the structures found in the accused device, and to find those structures either identical or equivalent. The combination of Coremetrics **REDACTED** are not identical to a Java applet, nor are they equivalent to one. Indeed, it is undisputed that JavaScript **REDACTED** is entirely distinct from the Java programming language used for the applet disclosed in the '637 patent, notwithstanding the similar names. Thus, here again, a proper construction of the claim precludes a finding of infringement, and NetRatings' proposed motion cannot succeed.

### Even under NetRatings' erroneous claim constructions, the motions proposed by NetRatings as to claim 30 of the '637 patent and claim 1 of the '386 patent fail.

Even under the strained claim constructions offered by NetRatings, the motions that it seeks to file regarding claim 30 of the '637 patent and claim 1 of the '386 patent cannot prevail. Claim 30 requires "monitoring" of the display of content, while claim 1 calls for a program that "monitors" interaction with at least two resources. The plain and ordinary meaning of the term "monitor" is to observe *over time*. As explained above, however, the Coremetrics **REDACTED** Thus, the Coremetrics do *not* observe the display of content over time, nor do they observe interaction across two distinct resources.

The claim chart set forth in NetRatings' Opening Letter Brief also contains several erroneous statements of fact -- the correction of which precludes summary judgment in NetRatings' favor. For example, NetRatings, referring to Exhibit 1 to its Opening Letter Brief,[2] C002057, argues that

**REDACTED**

### The arguments that NetRatings offers for its proposed motion with regard to claim 30 of the '637 patent do not include any comparison of the structures found in Coremetrics products against whatever structures are disclosed in the '637 patent as corresponding to the means-plus-function claim elements.

---

[2] Although NetRatings cites Exhibit 1, it actually appears to be discussing Exhibit 3. To avoid any confusion, we attach the relevant page (C002057) as Exhibit A hereto.

The Honorable Gregory M. Sleet
June 2, 2006
Page 4

As described above, infringement of a claim drafted in "means-plus-function" language requires that the structures found in the accused device be either identical or equivalent to the "corresponding structures" set forth in the patent specification. Yet, the analysis that NetRatings sets forth in the claim chart found in its Opening Letter Brief fails to make *any* comparison between the accused structures and any structures found in the '637 patent, thus rendering NetRatings' asserted conclusion of infringement wholly unsupported. And for the reasons described earlier, a proper construction of this claim precludes summary judgment in NetRatings' favor.

**The arguments that NetRatings offers as to claim 30 of the '637 patent and claim 1 of the '386 patent do not establish direct infringement, and are inadequate to demonstrate indirect infringement.**

Claim 30 of the '637 patent requires a web page visitor's computer -- and claim 1 of the '386 patent requires a third party -- to take one or more actions or to provide one or more components. As such, NetRatings cannot prove that *Coremetrics itself* satisfies all elements of claim 30 of the '637 patent or claim 1 of the '386 patent. For example, claim 30 of the '637 patent discloses "means for transferring the means for monitoring from the content provider site to the content display site [e.g. web page visitor's computer] so that the means for monitoring operates at the content display site [e.g. web page visitor's computer]." In other words, claim 30 of the '637 patent requires a means for transferring *to a web page visitor's computer.* Indeed, NetRatings describes Coremetrics infringing product as "downloaded to the visitor's computer to monitor the display of content of the web page at the visitor's computer" when a visitor accesses Coremetrics' customer web page. Opening Letter Brief, at 3. Accordingly, NetRatings cannot establish direct infringement of claim 30 of the '637 patent.

Similarly, claim 1 of the '386 patent requires that *a user* download a web page to the user's computer. Claim 1 of the '386 discloses "downloading the first resource [e.g. a web page] from the first server to the first client [e.g. web site visitor's computer]." NetRatings acknowledges this claim element requires that "a Coremetrics' customer's web page [] is downloaded from the customer's server to the computer of the visitor to the web page." Opening Letter Brief, at 4. As such, NetRatings cannot establish that Coremetrics itself satisfies all elements of claim 1 of the '386 patent, and it accordingly cannot prove direct infringement.

NetRatings also cannot prove that Coremetrics has indirectly infringed the asserted claims. NetRatings has failed to set forth any basis to establish that Coremetrics knows that its product is "especially made or especially adapted for use in infringement of" the patents-in-suit or that the Coremetrics product has no "substantial non-infringing use." 35 U.S.C. 271(c). Similarly, NetRatings cannot establish that Coremetrics "actively induces infringement of" the patents-in-suit. 271 U.S.C. 271 (b).

The Honorable Gregory M. Sleet
June 2, 2006
Page 5

### NetRatings should not be permitted to file a motion for summary judgment as to claims not addressed in its Opening Letter Brief

NetRatings provides argument only as to claim 30 of the '637 patent and claim 1 of the '386 patent. Yet, NetRatings requests leave to file a motion for summary judgment as to claims not addressed in its letter brief. *See* NetRatings Opening Letter Brief at 1. NetRatings provides *no basis* to seek summary judgment as to the '510, '680, and the '155 patents or as to the remaining claims of the '637 and '386 patents. Accordingly, NetRatings should not be permitted to bring summary judgment as to the '510, '680, or '155 patent or claims not addressed in this motion.

### Conclusion

Accordingly, Coremetrics respectfully requests that the Court deny NetRatings' request for leave to file a motion for summary judgment.

Respectfully,

John G. Day

cc:   Clerk of the Court (via electronic filing)
      Josy W. Ingersoll, Esq. (via hand delivery and electronic mail)
      Arianna Frankl, Esq. (via electronic mail)

170337.1

# EXHIBIT A

**REDACTED**