# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BRUCE M. STARGATT | NEILLI MULLEN WALSH | | LISA A. ARMSTRONG | KAREN E. LANTZ |
| BEN T. CASTLE | JANET Z. CHARLTON | THE BRANDYWINE BUILDING | GREGORY J. BABCOCK | TIMOTHY E. LENGKEEK |
| SHELDON N. SANDLER | ROBERT S. BRADY | 1000 WEST STREET, 17TH FLOOR | JOSEPH M. BARRY | ANDREW A. LUNDGREN |
| RICHARD A. LEVINE | JOEL A. WAITE | WILMINGTON, DELAWARE  19801 | SEAN M. BEACH | MATTHEW B. LUNN |
| RICHARD A. ZAPPA | BRENT C. SHAFFER | | DONALD J. BOWMAN, JR. | JOSEPH A. MALFITANO |
| FREDERICK W. IOBST | DANIEL P. JOHNSON | P.O. BOX 391 | TIMOTHY P. CAIRNS | ADRIA B. MARTINELLI |
| RICHARD H. MORSE | CRAIG D. GREAR | WILMINGTON, DELAWARE  19899-0391 | KARA HAMMOND COYLE | MICHAEL W. MCDERMOTT |
| DAVID C. MCBRIDE | TIMOTHY JAY HOUSEAL | | MARGARET M. DIBIANCA | MARIBETH L. MINELLA |
| JOSEPH M. NICHOLSON | MARTIN S. LESSNER | (302) 571-6600 | MARY F. DUGAN | EDMON L. MORTON |
| CRAIG A. KARSNITZ | PAULINE K. MORGAN | (800) 253-2234 (DE ONLY) | ERIN EDWARDS | D. FON MUTTAMARA-WALKER |
| BARRY M. WILLOUGHBY | C. BARR FLINN | FAX: (302) 571-1253 | KENNETH J. ENOS | JENNIFER R. NOEL |
| JOSY W. INGERSOLL | NATALIE WOLF | | IAN S. FREDERICKS | ADAM W. POFF |
| ANTHONY G. FLYNN | LISA B. GOODMAN | | JAMES J. GALLAGHER | SETH J. REIDENBERG |
| JEROME K. GROSSMAN | JOHN W. SHAW | | SEAN T. GREECHER | KRISTEN R. SALVATORE (PA ONLY) |
| EUGENE A. DIPRINZIO | JAMES P. HUGHES, JR. | | STEPHANIE L. HANSEN | MICHELE SHERRETTA |
| JAMES L. PATTON, JR. | EDWIN J. HARRON | WWW.YOUNGCONAWAY.COM | DAWN M. JONES | MONTÉ T. SQUIRE |
| ROBERT L. THOMAS | MICHAEL R. NESTOR | | RICHARD S. JULIE | MICHAEL P. STAFFORD |
| WILLIAM D. JOHNSTON | MAUREEN D. LUKE | | KAREN E. KELLER | CHAD S.C. STOVER (SC ONLY) |
| TIMOTHY J. SNYDER | ROLIN P. BISSELL | DIRECT DIAL: (302) 571-6554 | JENNIFER M. KINKUS | JOHN E. TRACEY |
| BRUCE L. SILVERSTEIN | SCOTT A. HOLT | DIRECT FAX: (302) 576-3467 | EDWARD J. KOSMOWSKI | MARGARET B. WHITEMAN |
| WILLIAM W. BOWSER | JOHN T. DORSEY | kkeller@ycst.com | JOHN C. KUFFEL | SHARON M. ZIEG |
| LARRY J. TARABICOS | M. BLAKE CLEARY | | | |
| RICHARD A. DILIBERTO, JR. | CHRISTIAN DOUGLAS WRIGHT | | SPECIAL COUNSEL | SENIOR COUNSEL |
| MELANIE K. SHARP | DANIELLE GIBBS | | JOHN D. MCLAUGHLIN, JR. | CURTIS J. CROWTHER |
| CASSANDRA F. ROBERTS | JOHN J. PASCHETTO | | ELENA C. NORMAN | |
| RICHARD J.A. POPPER | NORMAN M. POWELL | | KAREN L. PASCALE | OF COUNSEL |
| TERESA A. CHEEK | | | PATRICIA A. WIDDOSS | STUART B. YOUNG |
| | | | | EDWARD B. MAXWELL, 2ND |

### HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - FILED UNDER SEAL

June 9, 2006

**BY CM/ECF AND HAND DELIVERY**

**PUBLIC REDACTED VERSION**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    NetRatings, Inc. v. Coremetrics, Inc.;
              Civ. No. 05-314 GMS

Dear Judge Sleet:

        Plaintiff NetRatings, Inc. ("NetRatings") submits this letter in response to defendant Coremetrics, Inc.'s ("Coremetrics") request for permission to file a summary judgment motion in the referenced action on the following grounds: (1) non-infringement of four of the five asserted patents;[1] (2) invalidity of one of the asserted patents based on indefiniteness and/or non-enablement; and (3) no direct infringement of any of the asserted patents. For at least the reasons explained herein, Coremetrics' asserted grounds are based on erroneous factual and legal premises and would involve issues not susceptible to summary adjudication. Accordingly, Coremetrics' request should be denied as it would ultimately be a waste of the resources of the Court.

## I.    COREMETRICS' REQUEST WITH RESPECT TO A NON-INFRINGEMENT MOTION SHOULD BE DENIED

        Coremetrics' arguments for non-infringement depend upon Coremetrics' assumption that its *proposed* constructions of certain terms of the asserted patents will be adopted by the Court. For example, Coremetrics asserts that its product does not include a "log" as claimed in the '510 and '680 patents only because, according to Coremetrics' inappropriately narrow construction, that term must be read to include the following specific features: (1) that a "log" be a file, (2) that the file be stored on a

---

[1] The asserted patents are U.S. Patent Nos.: 5,675,510 (the "'510 patent"); 6,115,680 (the "'680 patent"); 6,138,155 (the "'155 patent"); 6,763,386 (the "'386 patent"); and 6,108,637 (the "'637 patent"). *See* Docket Item ("D.I.") No. 75, Exs. A-E.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
June 9, 2006
Page 2

user's hard drive, (3) that the file contain multiple, time-sequential entries, and (4) that each entry contain two or more attributes of the associated event. Similarly, Coremetrics asserts that its product does not contain a "tracking program" or "executable program" that "monitors" use of or interaction with a resource such as Web site, as claimed in the '155 and '386 patents, only because those terms, according to Coremetrics, must be interpreted to require observation of the resource "over time."

These examples make plain how Coremetrics' unjustifiably narrow claim constructions are the only way Coremetrics can hope to manufacture a case that it does not infringe the asserted patents.[2] But even were the Court to adopt those claim constructions, Coremetrics' arguments still fail because they are premised on unsupported factual assertions that, in fact, contradict Coremetrics' own documentation and other evidence.[3]

*A.     Coremetrics' Arguments Concerning the '510 and '680 Patents Should Not Succeed*

**Coremetrics' Erroneous "Installation" Argument:** In its letter, Coremetrics claims ▮▮ ▮▮▮▮▮▮▮▮▮▮▮ do not infringe because they are not "installed" on Web site visitors' computers. *See* Letter Brief from Coremetrics, Inc. dated June 2, 2006 at 2-3. Coremetrics reaches this conclusion by arguing for its proposed construction of "install," which construction necessitates that the code be saved, specifically, on a visitor's hard drive. Coremetrics' proposed construction is wrong, but regardless, Coremetrics' argument contradicts its own descriptions of how the relevant technology operates, rendering Coremetrics' request to file a motion of non-infringement futile.



As Coremetrics acknowledges, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Coremetrics clearly anticipates and designs its product to avoid the problem, as described by Coremetrics, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, Coremetrics'

---

[2] *See* D.I. No. 50 at 15-17, 20-22; D.I. No. 72 at 4-7, 10-13.
[3] Accordingly, it would be entirely appropriate and useful for the Court to grant NetRatings leave to file a motion for summary judgment of infringement, as requested in NetRatings' June 2, 2006 letter to the Court.
[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
June 9, 2006
Page 3

statement that ▮▮▮ ignores the substantial instances ▮▮▮

**Coremetrics' Product Contains the Claimed "Log":** In its letter, Coremetrics argues that its product does not create the "log" claimed in the '510 and '680 patents. As discussed, Coremetrics' conclusion requires that the Court adopt Coremetrics' construction of the claim term "log." Coremetrics' construction, which adds several, extraneous limitations to the term, should be rejected. However, regardless of whether NetRatings' or Coremetrics' constructions are adopted, Coremetrics still infringes the asserted patents. For instance, using Coremetrics' erroneous construction, ▮▮▮



### B. Coremetrics' Arguments Concerning the '155 and '386 Patents Should Not Succeed

**Coremetrics'** ▮▮▮
Coremetrics argues that it does not infringe the '155 patent because ▮▮▮ However, Coremetrics' argument and statement of the facts is directly contradicted by evidence of Coremetrics' customer implementations, confirmed by the statements of its employees. Specifically, publicly available evidence shows that Coremetrics' ▮▮▮ *See* Ex. 6, NR-CORE208617.[5] Coremetrics' employees are clearly aware of this fact. ▮▮▮

**Coremetrics' Products Monitors Web Site Visitor Activity Over Time:** Coremetrics argues in its letter that its products do not observe the use of a resource "over time." Again, this is contrary to the facts. Coremetrics' ▮▮▮

---

[5] Exhibit 6 hereto is an excerpt of the HTML source for a Coremetrics' customer, http://ww5.williams-sonoma.com/. The HTML source code for the Williams Sonoma Web page includes a reference to the Coremetrics' JavaScript program file "eluminate.js" which shows that the file is being obtained from a different server, *i.e.,* from "src="http://a1412.g.akamai.net/7/1412/243/0080/image1.styleinamerica.com/wsecimgs/images/fixed/eluminate.js".

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
June 9, 2006
Page 4



There can be no doubt based on a review of Coremetrics' documentation (as well as additional evidence which would be submitted by NetRatings in response to a motion by Coremetrics), that Coremetrics' code is monitoring, observing and tracking what a visitor is doing on a given Web page over time. For instance, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is irrelevant – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ just as provided by the claims.

As shown above, Coremetrics should not succeed with a summary judgment motion for non-infringement of the asserted patents and therefore Coremetrics' request to file such a motion should be denied.

**II.  COREMETRICS' REQUEST WITH RESPECT TO AN INVALIDITY MOTION SHOULD BE DENIED**

In its letter, Coremetrics requests permission to file a summary judgment motion of invalidity of the '637 patent on the bases of indefiniteness and lack of enablement. Coremetrics' arguments are without merit, for at least the reasons discussed in NetRatings' *Markman* briefs (D.I. Nos. 50 and 72), which would be supplemented in a response to a summary judgment motion. For at least those reasons Coremetrics' request should be denied.[6] But there is more reason for the Court to reject Coremetrics' request. First, it is highly unlikely that Coremetrics could prove its invalidity arguments with the requisite 'clear and convincing evidence.' With respect to indefiniteness, as discussed in NetRatings' *Markman* briefs, Coremetrics' burden would be especially high in view of the fact that the Examiner of the application for the '637 patent specifically considered these issues and was satisfied that the application was appropriate for issuance. *See* D.I. No. 50 at 25, n.25; D.I. No. 72 at 19. Moreover, the issues raised by Coremetrics' invalidity arguments are inherently factual and not readily susceptible to summary judgment. Notably, Coremetrics does not proffer expert support or other evidence for its lawyers' blanket allegations, but even if it were to do so, NetRatings expects to offer countering evidence (which it has already done in connection with its responsive *Markman* brief).[7] Thus, the issue would become one between experts making resolution by summary judgment unlikely. *See, e.g., Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1375-76 (Fed. Cir. 2004) (reversed summary judgment of indefiniteness for failure to consider the patentee's expert's testimony that people skilled in the art would understand the term); *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1567 (Fed. Cir. 1991) (summary judgment on section 112 written description issues inappropriate where resolution depends on what patent

---

[6] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[7] *See* D.I. No. 74 at 5 (Decl. of Dr. Benjamin Goldberg in support of NetRatings' responsive *Markman* brief).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
June 9, 2006
Page 5

disclosed to those of skill in the art, as shown through expert testimony).

### III. COREMETRICS' REQUEST WITH RESPECT TO A NO DIRECT INFRINGEMENT MOTION SHOULD BE DENIED

With respect to Coremetrics' request to file a motion for no "direct" infringement by Coremetrics on all claims of all asserted patents, such request should be rejected.[8] Coremetrics alleges that every asserted claim is a method or system that includes steps performed or components provided by third-parties. Coremetrics disregards factual aspects of its own products, as well as the asserted claims that are computer product claims. First, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Second, the patents contain computer media claims which Coremetrics ignores in its letter but which Coremetrics infringes directly by making, using and/or selling its products. Finally, even if the court did entertain such a motion by Coremetrics, judicial economy would not be served because Coremetrics' products are clearly designed to perform the claimed methods and create the claimed systems. Therefore, at most, even if Coremetrics were successful, summary judgment would resolve direct infringement by Coremetrics only, and only as to some of the claims. Trial would still need to take place with respect to the *very same claims* to address Coremetrics' contributorily infringing and inducing infringement. This kind of piecemeal resolution of a limited issue will not benefit anyone, least of which the Court.

*   *   *

For at least the reasons set forth above, NetRatings respectfully submits that Coremetrics' request for permission to file a summary judgment motion as to certain non-infringement and invalidity issues should be denied.

Respectfully submitted,

/s/ *Karen E. Keller*
Karen E. Keller (#4489)

KEK:mcm
Attachments

cc:   John G. Day, Esq. (Counsel for Coremetrics, Inc.; By ECF and Hand Delivery)
      Nitin Subhedar, Esq. (Counsel for Coremetrics, Inc.; By E-mail and First Class Mail)
      Matthew C. Lapple, Esq. (Counsel for Coremetrics, Inc,; By E-mail and First Class Mail)

---

[8] NetRatings notes that Coremetrics only non-infringement argument for the '637 patent is with respect to its no "direct" infringement argument, which highlights the desirability of allowing NetRatings to file a motion for summary judgment of infringement against Coremetrics.