**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NETRATINGS, INC.,
Plaintiff,
vs.
COREMETRICS, INC.,
Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 05-cv-314-GMS

**NETRATINGS, INC.'S SUPPLEMENTAL REPLY CLAIM CONSTRUCTION BRIEF**

John W. Shaw (#3362)
Karen E. Keller (#4489)
**YOUNG CONAWAY**
**STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600

Frederick L. Whitmer
Seth H. Ostrow
Arianna Frankl
**BROWN RAYSMAN MILLSTEIN**
**FELDER & STEINER LLP**
900 Third Avenue
New York, New York 10022
(212) 895-2000

Dated: August 21, 2006

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

NETRATINGS' CONSTRUCTIONS ARE APPROPRIATE FOR ALL PURPOSES AND ARE PRACTICAL FOR THE TRIAL OF THIS ACTION ........ 1

NETRATINGS – NOT COREMETRICS – PROPERLY IDENTIFIES THE RELEVANT ALGORITHMS ........ 3

NETRATINGS' IDENTIFICATION OF SPECIFICATION SECTIONS IS ENTIRELY PROPER ........ 4

CONCLUSION ........ 5

**TABLE OF AUTHORITIES**

*Connectel, LLC v. Cisco Systems, Inc.*,
428 F. Supp. 2d 564 (E.D. Tx. 2006) ........................................ 4

*Intel Corp. v. Broadcom Corp.*,
172 F. Supp. 2d 516 (D. Del. 2001)........................................ 4

*In re Iwahashi*, 888 F.2d 1370 (Fed. Cir. 1989) ........................................ 3

*State Street Bank & Trust Co. v. Signature Fin. Group*,
149 F.3d 1368 (Fed. Cir. 1998)........................................ 3

## PRELIMINARY STATEMENT

In accordance with the Court's August 2, 2006 Order, Docket Item ("D.I.") No. 123, ("Briefing Order"), and in response to Coremetrics, Inc.'s Supplemental Answering Markman Brief (D.I. No. 126) ("Coremetrics Br."), Plaintiff NetRatings, Inc. ("NetRatings") submits this supplemental reply brief in further support of its constructions of certain asserted "instructions" claim elements of U.S. Patent 6,108,637 (the "'637 patent").

In its brief, Coremetrics does not argue for any claim construction of the "instructions" elements. That is because, unlike NetRatings, Coremetrics has not presented any constructions for these elements. Rather, Coremetrics presses the same invalidity arguments the Court already ordered would not be considered in the Markman phase,[1] and complains about a parade of horribles that would occur should the Court adopt NetRatings' constructions. Coremetrics' bantering should be disregarded. The fact is that NetRatings' approach to construing the "instructions" terms is both in accord with the law and provides a practical and reasonable approach to construing the '637 patent.

For the reasons set forth here and in NetRatings' prior briefs, this Court should adopt NetRatings' proposed constructions.

## NETRATINGS' CONSTRUCTIONS ARE APPROPRIATE FOR ALL PURPOSES AND ARE PRACTICAL FOR THE TRIAL OF THIS ACTION

Contrary to Coremetrics' arguments, adopting NetRatings' constructions will streamline claim construction, facilitate the jury's understanding and, perhaps most importantly, produce the most legally and factually correct construction of the '637 patent for all purposes.

Coremetrics' complaint that the jury will be "left to its own devices to hunt through broad swaths of the patent" to identify structure is simply hogwash. Coremetrics Br. at 4. Coremetrics can be sure that NetRatings will identify *exactly* what structure the jury should focus on in order to find infringement, through jury instructions and trial presentation. At trial, NetRatings will identify to the jury those structural formulations for each element of each asserted claim that most readily demonstrate Coremetrics' infringement. This is likely to entail only a relatively small number of the larger set of structural formulations.

---

[1] *See* Court Order dated June 7, 2006 (D.I. No. 90).

Still, it is important to identify all of the locations within the specification from which the steps comprising the algorithms may be drawn. The reason is straightforward enough. Unlike Coremetrics – whose only concern is the present case – NetRatings, and the Court, must consider the patent both in the context of this case and outside of it as well. Thus, every algorithm described in the specification corresponding to each element must be identified – not just those that affect only Coremetrics. The simplest way to do this is through citations to the specification sections in which the algorithms are located.

Coremetrics, though, would have NetRatings and the Court set out, in the constructions themselves, every possible algorithm formulation for every "instructions" element at issue, producing a small treatise of structural identifications through which the Court and the jury would then have to parse. *That*, and not NetRatings' approach, would be a tremendous waste of time and resources. It just defies common sense to require that the Court and the jury analyze every algorithm possible when only a few will ultimately be at issue in this case.

Coremetrics' assertions that claim construction will 'never end' are pure theatrics. Once the Court adopts NetRatings' constructions, it will be settled that the structure is as identified by NetRatings in each formulation in the Joint and Supplemental Claim Construction Charts. When NetRatings identifies to the jury specific structural formulations applicable to Coremetrics' products, any disputes over whether the identification is accurate could be resolved then. This would not be a continuation of claim construction but part of the infringement assessment. If anything, NetRatings' approach streamlines claim construction by avoiding the need to fight about every single algorithmic formulation, some of which may not be relevant to the resolution of the liability issues in this action, and to focus the Court's adjudicatory resources on only those issues that need to be resolved now.[2]

NetRatings thus offers an efficient, practical approach that enables the Court to identify all structural formulations in the patent -- thereby satisfying the need to be cognizant of the larger context in which the patent

---

[2] Even if viewed as continuing claim construction, there are no hard and fast rules about when or in what order claim construction must occur. The facts of every case must be considered and a process tailored accordingly.

is being construed -- yet avoids the need to wade through hundreds of pages of algorithms, some of which may have no bearing on this case at all.

**NETRATINGS – NOT COREMETRICS –**
**PROPERLY IDENTIFIES THE RELEVANT ALGORITHMS**

Coremetrics gives plenty of lip service to the importance of identifying "algorithms" in construing means-plus-function elements, but Coremetrics does not actually identify any algorithms itself. Rather, Coremetrics mixes up what an algorithm is and how it is identified, with a host of other purported requirements that lack any support in the case law.

Putting aside Coremetrics continued assertion of its untimely invalidity arguments, Coremetrics' fall back position for the identification of structure is a "Java applet." This is not an algorithm. An algorithm is a step-by-step process or procedure for accomplishing a given end. *See, e.g., State Street Bank & Trust Co. v. Signature Fin. Group*, 149 F.3d 1368, 1374 (Fed. Cir. 1998); *In re Iwahashi,* 888 F.2d 1370, 1374 (Fed. Cir. 1989). Thus, Coremetrics' purported identification of structure contradicts its own argument about what needs to be identified. NetRatings, on the other hand, does identify the algorithms in the patent, in accordance with the law.

Further, in its brief, Coremetrics discusses – without legal authority – a host of purported "requirements" that Coremetrics asserts should be in NetRatings' constructions. For instance, Coremetrics states that an identification of structure would "presumably include a description of the kinds of computer code, names of instructions, subroutines, and steps necessary to carry out [the] functional language, *i.e.*, the algorithm for satisfying the functional language." Coremetrics Br. at 8. Yet, Coremetrics does not cite to a single case in support of these alleged requirements. The fact is that the items Coremetrics lists go well beyond what an algorithm is or what is needed to identify one, and the law does not require or specify such details in an identification of structure. For instance, an algorithm does not necessarily require that the identified steps be done in a specific order, although in some cases it may, and in others an order would be implicit in the nature of the steps or problem to be solved. Moreover, computer programs may be written in many different languages and still achieve the same end result. The reason why details such as the foregoing need not be specified in every case is simple – it is not necessary to explain in a specification that which is already well known in the art.

*Intel Corp. v. Broadcom Corp.*, 172 F. Supp. 2d 516, 532 (D. Del. 2001). Still, notwithstanding this, the '637 patent does in fact specify many of these details, such as what computer languages may be used, that such languages are not exclusive and similar particulars.[3]

Indeed, the existence of such details, which are included in the specification citations by NetRatings, serves to show why Coremetrics' proposal – putting every possible algorithm variation in writing now – is irrational. That approach might make sense in a case where the identification of structure can be achieved with a brief list of nouns, *e.g.*, where a claim contains a "means for fastening" and the corresponding structure in the specification can be identified simply as, for example, a nail, a screw, and a staple. However, that rigid approach makes little sense in a case like this involving complex computer algorithms. Coremetrics criticisms are thus unfounded.[4]

**NETRATINGS' IDENTIFICATION OF SPECIFICATION SECTIONS IS ENTIRELY PROPER**

Coremetrics' continuing criticisms of NetRatings' citation of specification sections to identify the algorithms for each element are without merit. There is no one method of identifying algorithms that necessarily applies in all cases. This is exactly why Courts do a variety of things in identifying specification sections, including paraphrasing or quoting the specification in some cases, citing to figures in others, and citing to specification sections in still others.[5] In fact, Coremetrics itself cites to sections of the specification in support of its purported structural identifications, and Coremetrics acknowledges that citing to specification sections might be appropriate in some cases. Coremetrics Br. at 5. Coremetrics merely draws its own arbitrary line that four columns are too many. It just so happens that in the present patent, those four columns contain an

---

[3] *See, e.g.*, '637 patent, col. 11, ll. 38-56. *See also* col. 11, l. 56 – col. 12, l. 9 (specific functions, code); col. 17, ll. 24-35 (method names).

[4] Equally unfounded is Coremetrics' commentary regarding NetRatings' computer media arguments. The argument by NetRatings was not new; NetRatings raised this issue, in its Markman briefs, and then in its opening supplemental brief. *See* NetRatings, Inc.'s Opening Brief on Claim Construction (D.I, No. 50) at 36-37. Further, contrary to Coremetrics' contention, NetRatings does not confuse the structure of the claim versus the structure of the element, NetRatings is simply arguing that the structure of the claim should inform the analysis and recitation of the structure of each element in the claim.

[5] *See*, *e.g.*, *Connectel, LLC v. Cisco Systems, Inc.*, 428 F. Supp. 2d 564, 575-76 (E.D. Tx. 2006) (finding patent contemplated multiple permutations and variations in the examples described, algorithm not limited to one formulation).

extremely detailed recitation of numerous methods to be followed to achieve the patented inventions – the patent says so itself.[6]

**CONCLUSION**

For all the reasons stated above, NetRatings requests that the disputed claim terms be construed in the manner proposed by NetRatings in the Supplemental Claim Construction Chart.

Dated: August 21, 2006

Respectfully submitted,

/s/ *Karen E. Keller*
John W. Shaw (#3362)
Karen E. Keller (#4489)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
kkeller@ycst.com

Frederick L. Whitmer
Seth H. Ostrow
Arianna Frankl
**BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP**
900 Third Avenue
New York, New York 10022
(212) 895-2000

Attorneys for Plaintiff NetRatings, Inc.

---

6 *See. e.g.*, ‘637 patent, col. 16, l. 60 – col. 17, l. 6.

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, hereby certify that on August 21, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany G. Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

I further certify that on August 21, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL**

Nitin Subhedar, Esquire
Heller Ehrman LLP
275 Middlefield Rd.
Menlo Park, CA 94025

Matthew C. Lapple, Esquire
Heller Ehrman LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92122-1246

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Karen E. Keller (No. 4489)
kkeller@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600